## S02A0425. GRAHAM v. THE STATE.
### (565 SE2d 467)

SEARS, Presiding Justice.

This is yet another criminal case in which venue was not properly proven.

Appellant Thomas Graham appeals his convictions for murder and related crimes.[1] Having reviewed the record, we determine that

---

[1] The crimes occurred on July 24, 2000. Appellant was indicted on March 23, 2001, on one count of malice murder, one count of felony murder, two counts of aggravated assault, five counts of illegal firearm possession, one count of armed robbery and one count of kidnapping. A jury trial was held April 9-10, 2001, and appellant was convicted on all counts. The trial court sentenced appellant to life imprisonment for malice murder; a consecutive

because there was no evidence put before the jury that the crimes were committed in the county in which venue was laid, the State failed to prove venue beyond a reasonable doubt. Therefore, we must reverse.

The evidence shows that the murder victim, Alfred Smith, owned and operated an automotive shop and tattoo parlor in Riverdale, Georgia. Smith's 18-year-old son, Alfred Smith, Jr., accompanied his father to work on July 24, 2000, when appellant Thomas Graham and a companion visited Smith, Sr.'s, shop. Smith, Jr., had seen appellant previously in the shop, usually with a gun in the waistband of his pants. Smith, Jr., was unfamiliar with appellant's companion. Appellant, his companion, and Smith, Sr., entered a back room and closed the door. Smith, Jr., then heard loud scuffling noises and arguing coming from the room, followed by a gunshot. Smith, Jr., ran from the building and hid in the parking lot. A third man, who had been waiting outside in a car, forced Smith, Jr., back into the building at gunpoint. Appellant and the other two men then fled the scene. Smith, Sr., exited the back room, said he had been shot, and fell to the ground, bleeding. He died several hours later.

1. The evidence of record, construed most favorably to the verdicts, was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that appellant was guilty of the crimes for which he was convicted.[2]

2. Following the presentation of the State's case, appellant made a motion for a directed verdict, claiming that the evidence did not establish beyond a reasonable doubt that venue was properly laid in Clayton County.[3] The trial court heard arguments on appellant's motion outside the presence of the jury. Appellant conceded before the trial court that several of the State's witnesses had testified that the crimes occurred in the City of Riverdale, but claimed that this evidence did not establish that the crimes occurred in Clayton County, where venue was laid. In response, the State argued that

---

life sentence for armed robbery; twenty consecutive years for aggravated assault; twenty concurrent years for kidnapping; five consecutive years on each of two counts of illegal firearm possession; and five concurrent years on each of the two other counts of illegal firearm possession. The felony murder conviction was vacated by operation of law. *Malcolm v. State*, 263 Ga. 369 (434 SE2d 479) (1993). The trial court merged the convictions on one aggravated assault count and one illegal firearm possession with the malice murder conviction. A new trial motion was filed on April 18, 2001, amended on August 17, 2001, and denied orally on September 4, 2001. A written order denying the motion was filed on December 5, 2001. The transcript was certified on June 21, 2001. Appellant timely filed a notice of appeal on September 15, 2001. See *Carter v. State*, 273 Ga. 428, n. 1 (541 SE2d 366) (2001). The appeal was docketed with this Court on December 4, 2001, and submitted for decision without oral argument on May 11, 2002.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See *Jones v. State*, 272 Ga. 900, 902-903 (537 SE2d 80) (2000).

one of its witnesses had testified that the crimes took place in Clayton County, but asked that if this was not so, then it be allowed to reopen its evidence and submit sufficient evidence of venue. Thereafter, the trial court took judicial notice that the City of Riverdale is located entirely within Clayton County and denied appellant's motion for directed verdict.

We have reviewed the record and determined that the State's evidence clearly authorized the jury to find that the crimes occurred in the City of Riverdale, but failed to mention either that the crimes were committed in Clayton County or that Riverdale is located entirely within Clayton County.

Venue is more than a mere procedural nicety;[4] it is a constitutional requirement that all criminal cases be conducted in the county in which the crimes are alleged to have occurred.[5] Proof of venue is essential to a criminal prosecution.[6] In Georgia, as in many other states, the prosecution is required to establish venue beyond a reasonable doubt.[7] Whether venue has been sufficiently proved is an issue for the jury to determine.[8] The trial judge may, as it did here, determine whether the State has submitted sufficient evidence to justify a finding by the jury on the question of venue;[9] however, in criminal prosecutions "whether venue has been properly proved is a question of fact for the jury."[10]

The trial court in this case was authorized to judicially notice the "local divisions of our own state,"[11] and hence could take judicial notice that the geographical boundaries of the City of Riverdale are located entirely within Clayton County. Judicial notice, of course, "is not evidence, but takes the place of evidence."[12] " 'By taking judicial notice of a fact [that is] commonly known, the court avoids the needless formality of introducing evidence to prove an incontestable issue.' "[13] Furthermore, the record shows that the trial court complied with the procedural prerequisites for taking judicial notice set forth in *Graves v. State*.[14]

---

[4] See *United States v. Miller*, 111 F3d 747, 749 (10th Cir. 1997).

[5] Id. See Ga. Const., Art. VI, Sec. II, Par. VI.

[6] *Jones*, 272 Ga. at 902-903; 21 AmJur2d § 503, p. 537 (1998).

[7] *Jones*, 272 Ga. at 901. See 21 AmJur2d § 503, p. 538, n. 72; 67 ALR3d 988, § 8.

[8] See *Lynn v. State*, 275 Ga. 288 (565 SE2d 800) (2002); *Jones*, 272 Ga. at 901.

[9] See Wright, Federal Practice and Procedure, Criminal § 307, at 348-349 (2000).

[10] Id.; see *Lynn*, 275 Ga. at 289; *Jones v. State*, 245 Ga. 592 (266 SE2d 201) (1980); *Johns v. State*, 239 Ga. 681 (238 SE2d 372) (1977).

[11] OCGA § 24-1-4.

[12] Rumsey, Agnor's Evidence (3rd ed.), § 16-1.

[13] *Hinkle v. Hartsell*, 509 SE2d 455, 458 (N.C. App. 1998), quoting *In the Interest of D. S.*, 622 A2d 954, 957 (Pa. Super. Ct. 1993).

[14] 269 Ga. 772, 775-776 (504 SE2d 679) (1998), overruled on other grounds, *Jones*, 272 Ga. at 903, n. 3.

The trial court did not, however, inform the jury that it had taken judicial notice that the City of Riverdale is located entirely within Clayton County. Because of this, the jury had before it only evidence that the crimes occurred in Riverdale. By long-standing precedent, proving that a crime took place within a city without also proving that the city is entirely within a county does not establish venue.[15] Accordingly, we must conclude that in this matter there was insufficient evidence to prove venue *to the jury*.

Furthermore, by taking judicial notice that the crimes occurred in Clayton County but not informing the jury of that noticed fact, the trial court took it upon itself to unilaterally decide the issue of venue. As stated above, proof of venue is essential to a criminal prosecution, and the authorities agree that in a jury trial, the jury determines whether venue has been established. In this matter, the trial court's actions, in essence, improperly took the issue out of the jury's hands.

After taking judicial notice that the City of Riverdale is located entirely within Clayton County, the trial court should have informed the jury that it had taken judicial notice of that fact, "thus dispensing with the need for any evidence regarding [it]."[16] Moreover, we believe that in the future, when trial courts in criminal cases inform a jury that judicial notice of an adjudicative fact has been taken, trial judges would do well to follow Federal Rule of Evidence 201 (g), by instructing the jury that it "may, but is not required to, accept as conclusive any fact judicially noticed."[17]

Because the trial court in this case did not inform the jury that it had taken judicial notice that the crimes occurred in Clayton County, the only evidence before the jury regarding venue was that the crimes occurred in the City of Riverdale. Because that was an insufficient basis for the jury to conclude that venue had been established, we must reverse.

3. Chief Justice Fletcher has recently admonished that venue should rarely be a disputed issue and should normally be capable of establishment by direct evidence.[18] That this Court has recently considered a number of cases in which venue has been contested due solely to a lack of direct evidence of venue is cause for great concern. Therefore, we reiterate Chief Justice Fletcher's exhortation that trial

---

[15] *Dickerson v. State*, 186 Ga. 557 (199 SE 142) (1938); *Murphy v. State*, 121 Ga. 142-143 (48 SE 909) (1904); *Cooper v. State*, 106 Ga. 119, 120 (32 SE 23) (1898).

[16] See Milich, Georgia Rules of Evidence, § 4.2, p. 32 (1995).

[17] Federal Rules of Evidence 201 (g). See Milich, supra, § 4.2, p. 32, n. 32. With this instruction, trial courts may prevent potential post-conviction claims that a defendant's Sixth Amendment right to a trial by jury was abridged by the taking of judicial notice with regard to an adjudicative fact. See id.; Kirkpatrick, Appellate Craftsmanship in Evidence Law: A Tribute to Justice Unis, 76 Or. L. Rev. 21 (1997).

[18] *Lynn*, 275 Ga. at 289.

courts would do well to begin giving appropriate jury charges on venue.[19]

4. Double jeopardy does not bar the State from retrying appellant for the crimes for which he was convicted, because our reversal today is due to an "evidentiary insufficiency concerning the procedural propriety of laying venue within a particular forum."[20]

5. Because it is likely to occur at retrial, we will address appellant's claim that the trial court's jury charge on intent was improper under *Harris v. State*.[21] The trial court charged the jury that:

> Intent . . . may be inferred from the proven circumstances or by acts and conduct or . . . when it is the natural and probable consequences of the act. Whether or not you draw such an inference is a matter solely within your discretion. This defendant will not be presumed to have acted with intent, but you may find such intention, or the absence of it, upon a consideration of words, conduct, demeanor, motive, and other circumstances connected with the act for which the accused is being prosecuted.

Appellant contends that this charge, when coupled with the allegation made at trial that appellant possessed a firearm at the time of the crimes, resulted in an "intent to kill" charge forbidden under *Harris*. We disagree. *Harris* prohibits instructing a jury that "if a person of sound mind and discretion intentionally and without justification uses a deadly weapon in the manner in which the weapon is ordinarily used and thereby causes the death of a human being, you may infer the intent to kill."[22] In this matter, the trial court's jury charge was not a charge on the intent to kill, but rather was a general charge on intent. In giving this charge, the trial court followed our instruction in *Harris*[23] that trial courts should give "a simple charge on intent"[24] to juries.

Moreover, the "intent to kill" charge was disallowed in *Harris*, supra, due in large part to the charge's improper emphasis on "particular circumstances such as the use of a deadly weapon,"[25] and its indication of "what inferences may arise therefrom."[26] In the present

---

[19] *Lynn*, 275 Ga. at 290. See 2 Council of Superior Court Judges of Ga., Suggested Pattern Jury Instructions: Criminal Cases, at 152a (2nd ed. 1997).

[20] *Jones*, 272 Ga. at 905.

[21] 273 Ga. 608, 609 (543 SE2d 716) (2001).

[22] Id.

[23] 273 Ga. at 610.

[24] Id.

[25] *Wood v. State*, 258 Ga. 598, n. 2 (373 SE2d 183) (1988).

[26] Id.

case, the challenged instruction on intent did not emphasize any aspect of the crimes charged against appellant, and the jurors were instructed that it was within their discretion to find the complete absence of intent based upon the evidence introduced at trial.

Finally, the trial court's valid instruction on intent was not rendered improper merely because it was considered by the jury in connection with the allegation that appellant used a deadly weapon in committing the crimes at issue. As noted, the trial court's jury charge on intent made no reference to the allegation that appellant used a deadly weapon in perpetrating those crimes. Accordingly, we reject appellant's contention that the trial court's jury charge on the issue of intent was erroneous.

*Judgment reversed. All the Justices concur, except Benham, Carley and Hunstein, JJ., who concur in Divisions 1, 2, 4 and 5 and in the judgment.*

DECIDED JUNE 24, 2002.

*Sexton & Morris, Lee Sexton, Joseph S. Key,* for appellant.
*Robert E. Keller, District Attorney, Jack S. Jennings, Jane E. Grabowski, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jill M. Zubler, Assistant Attorney General,* for appellee.