## A03A0388. ROBINSON v. THE STATE.
(581 SE2d 285)

MIKELL, Judge.

On December 15, 2001, Christina Robinson was charged with driving under the influence of alcohol. A bench trial was conducted on March 28, 2002, in the City of Jonesboro Municipal Court. The court convicted Robinson of DUI and sentenced her to one day in jail, a $963 fine, and sixty hours of community service. The Superior Court of Clayton County affirmed the conviction. Robinson appeals, arguing that her conviction cannot stand because the state failed to prove venue beyond a reasonable doubt.[1] We agree and reverse the conviction.

Our Supreme Court has mandated that "[v]enue is more than a mere procedural nicety; it is a constitutional requirement that all criminal cases be conducted in the county in which the crimes are alleged to have occurred." (Footnote omitted.) *Graham v. State*, 275 Ga. 290, 292 (2) (565 SE2d 467) (2002). In *Jones v. State*, 272 Ga. 900 (537 SE2d 80) (2000), the Supreme Court held that the state's failure to prove venue beyond a reasonable doubt warranted reversal of a defendant's felony murder conviction. Id. at 904 (3). The Court reasoned that:

> Our Georgia Constitution requires that venue in all criminal cases must be laid in the county in which the crime was allegedly committed. [Ga. Const. (1983), Art. VI, Sec. II, Par. VI; OCGA § 17-2-2.] Venue is a jurisdictional fact, and is an essential element in proving that one is guilty of the crime charged. Like every other material allegation in the indictment, venue must be proved by the prosecution beyond a reasonable doubt. Proof of venue is a part of the State's case, and the State's failure to prove venue beyond a reasonable doubt renders the verdict contrary to law, without a sufficient evidentiary basis, and warrants reversal.

(Punctuation and footnotes omitted.) Id. at 901-902 (2). Accord *Walker v. State*, 258 Ga. App. 354, 356 (2) (574 SE2d 317) (2002) (even when evidence demonstrated that the crimes were committed in the City of Atlanta, convictions must be reversed because the state failed to prove the county in which venue was proper).

We note that this Court is bound by decisions of the Supreme Court; therefore, we are without authority to overlook the require-

---

[1] As a preliminary matter, we note that the state failed to file a brief in this appeal. Accordingly, we are authorized by Court of Appeals Rule 27 (b) (1) to accept Robinson's statement of the facts as true.

ment that venue be expressly proven, even in a case such as this where the City of Jonesboro is entirely within Clayton County. "The application of the doctrine of stare decisis is essential to the performance of a well-ordered system of jurisprudence." *Etkind v. Suarez*, 271 Ga. 352, 357 (5) (519 SE2d 210) (1999), citing *Cobb v. State*, 187 Ga. 448, 452 (200 SE 796) (1939).

The only evidence of venue presented in the case sub judice was the testimony of Sergeant Pat Cauchy of the City of Jonesboro Police Department that he observed Robinson driving within the city limits of Jonesboro. "By long-standing precedent, proving that a crime took place within a city without also proving that the city is entirely within a county does not establish venue." (Footnote omitted.) *Graham*, supra at 293 (2). Our research reveals no authority for the presumption that the trial court, acting as the finder of fact in a bench trial, took judicial notice of venue, nor is there any indication in the record that such judicial notice was taken in this case. Accordingly, because the state did not establish the county in which the crime was committed, we reverse Robinson's conviction. We note that retrial would not be barred by the Double Jeopardy Clause. See *Jones*, supra at 905 (4).

*Judgment reversed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED MARCH 11, 2003.

*Jackie G. Patterson*, for appellant.
*Robert E. Keller, District Attorney, Jerry L. Patrick, Jr.*, for appellee.