## A04A1917. KING v. THE STATE.
(609 SE2d 725)

PHIPPS, Judge.

Joe Lewis King was tried in the Superior Court of Ben Hill County and convicted of one count of robbery by sudden snatching and two counts of misdemeanor obstruction of an officer. Following the denial of his motion for new trial, he appeals his conviction of robbery by sudden snatching. He contends that the evidence was insufficient to establish venue in Ben Hill County as to that offense and that the trial court erred in refusing to instruct the jury on the lesser included offense of theft by taking. The trial court did not err in refusing to charge the jury on the lesser included offense, but we agree that the evidence was insufficient to establish venue as to the robbery offense and reverse that conviction.

The victim, Faustine Watts, lived in Fitzgerald, Georgia. On the day in question, she went shopping at the Dollar General Store. She placed her purse in her buggy. As she was pushing the buggy around the store, she arrived at an aisle that was strewn with boxes. She stepped toward the shelf to get some cookies. Watts testified that as she did so, she saw King snatch her purse from the buggy and flee. According to Watts, she was standing right next to the buggy at the time. Watts began to scream, and store personnel called 911. Officers employed by the Ben Hill County Sheriff's Department "were already riding around in the area" and responded to a radio call sent out to the local police department. They arrested King in an alley about 200 yards from the store. One of the officers testified that the alley was located in Ben Hill County. No one testified that the store was in either Fitzgerald or Ben Hill County.

1. In primary reliance on the decision of the Supreme Court of Georgia in *Chapman v. State,*[1] the state argues that its proof of the involvement of the officers of the Ben Hill County Sheriff's Department in this case was sufficient to establish venue in Ben Hill County. We disagree.

[1] 275 Ga. 314 (565 SE2d 442) (2002).

Our Georgia Constitution requires that venue in all criminal cases must be laid in the county in which the crime was allegedly committed. Venue is a jurisdictional fact, and is an essential element in proving that one is guilty of the crime charged. Like every other material allegation in the indictment, venue must be proved by the prosecution beyond a reasonable doubt.[2]

"The State may establish venue by whatever means of proof are available to it, and it may use both direct and circumstantial evidence."[3] We view the evidence in the light most favorable to support the verdict.[4] And as long as there is some competent evidence on each element necessary to prove the state's case, the jury's verdict will be upheld.[5] As thus recognized in *Green v. State*,[6] "since venue is a question for the jury, its decision will not be set aside if there is any evidence to support it."[7]

The defendant in *Jones*[, supra,] was tried in Fulton County. As circumstantial proof of venue, the State relied on evidence showing that the City of Atlanta Police Department investigated the crime. The Court found this evidence insufficient, because the record revealed that City of Atlanta police officers patrol both Fulton and DeKalb Counties.[8]

*Jones* also held that, "without exception, the State is required in *all* criminal trials to introduce evidence establishing that venue is properly laid beyond a reasonable doubt."[9] In so holding, the Court disapproved the "slight evidence" exception to the rule requiring venue to be proved beyond a reasonable doubt. "Under the exception, slight evidence was sufficient to prove venue when the evidence of venue was not conflicting and when no challenge to venue was raised at trial. The Court in *Jones* disapproved this exception, on the ground that venue is challenged whenever a criminal defendant pleads not

---

[2] (Punctuation and footnotes omitted.) *Jones v. State*, 272 Ga. 900, 901 (2) (537 SE2d 80) (2000). Because venue is not, however, an element of the offense, insufficient evidence of venue is a trial error that does not bar retrial as a matter of double jeopardy. *Grier v. State*, 275 Ga. 430, 431 (1) (569 SE2d 837) (2002).

[3] *Jones*, supra at 902-903.

[4] E.g., *Young v. State*, 242 Ga. App. 681 (1) (530 SE2d 758) (2000).

[5] E.g., *Brown v. State*, 246 Ga. App. 517, 518 (1) (541 SE2d 112) (2000).

[6] 254 Ga. App. 549 (562 SE2d 835) (2002).

[7] (Footnote omitted.) Id. at 550.

[8] (Footnote omitted.) *Allison v. State*, 259 Ga. App. 775, 777 (1) (577 SE2d 845) (2003).

[9] (Emphasis in original.) *Jones*, supra at 900.

guilty and is put on trial."[10]

Nonetheless, in *Chapman v. State*,[11] the case relied on by the state, circumstantial proof of venue was found sufficient. The defendant in *Chapman* was tried in Fulton County, and "the police officer who responded to the call for help at the crime scene testified that he was employed on the date of the crime as a 'City of Atlanta police officer, Fulton County, Georgia.' "[12] The Supreme Court held,

> In light of the well-settled principle that public officials are believed to have performed their duties properly and not to have exceeded their authority unless clearly proven otherwise, the jury was authorized to find the police officer acted within the territorial jurisdiction in which he testified he was employed, the Fulton County part of the City of Atlanta.[13]

The Court in *Chapman* held that the jury was also authorized to find that because the deceased's body came to the Fulton County Medical Examiner's offices for performance of an autopsy, venue was proper in Fulton County.[14]

In *Thompson v. State*,[15] the defendant was convicted of child molestation and sexual battery in the Superior Court of Houston County. The state argued that it had established venue by showing that the investigating officers were employed by Houston County. Noting that the Supreme Court had disapproved the "slight evidence" rule in *Jones*, this court in *Thompson* held that "to establish venue beyond a reasonable doubt, the state must present more evidence than the investigating officer's county of employment."[16] *Chapman* was not considered.

But this court in *Thompson* ultimately found that evidence that the child molestation had occurred at the defendant's home and that the sexual battery had occurred at his office was sufficient to establish venue as to both offenses in Houston County. After granting certiorari in *Thompson*, the Supreme Court found evidence that the child molestation had occurred at the defendant's home sufficient regarding venue of that offense, but the evidence that the sexual battery had occurred at his office was found insufficient because

---

[10] *Allison*, supra.

[11] Supra.

[12] Id. at 317 (4).

[13] (Citations omitted.) Id. at 317-318.

[14] Id. at 318.

[15] 257 Ga. App. 426 (571 SE2d 158) (2002).

[16] Id. at 427 (1).

"there was no evidence at all as to the location of the business."[17] The Supreme Court thus impliedly approved this court's determination that the investigating officers' county of employment does not, in and of itself, constitute sufficient proof of venue to meet the beyond a reasonable doubt standard. Again, however, the issue was not explicitly addressed and *Chapman* was not cited.

Moreover, even if proof of the investigating officers' county of employment is sufficient to prove venue, in this case it is lacking. Here, the county sheriff's department officers did not respond to the robbery call or investigate the robbery in the same manner as did the officers in cases such as *Chapman*. In this case, the officers merely intercepted a radio call to the local police department. They proceeded to arrest King in an alley about 200 yards from the store where the victim had been robbed. Although there was testimony that the alley was in Ben Hill County, there was no testimony that the store was in that county. "Establishing the venue of a near-by site does not establish the venue of the [crime] site itself. [Cits.]"[18] And even if it could be inferred that the store was in the City of Fitzgerald because the radio call to investigate the robbery was sent out to city police, "[b]y long-standing precedent, proving that a crime took place within a city without also proving that the city is entirely within a county does not establish venue."[19] Although the trial court might have taken judicial notice that the City of Fitzgerald is located entirely within Ben Hill County and so informed the jury,[20] it did not take such notice.

For the foregoing reasons, we find the state's proof insufficient to establish venue over the robbery offense.

2. The trial court did not err in refusing to instruct the jury on theft by taking.

Under OCGA § 16-8-40 (a) (3), "[a] person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another . . . by sudden snatching." OCGA § 16-8-2 provides that "[a] person commits the offense of theft by taking when he unlawfully takes . . . property of another with the intention of depriving him of the property. . . ."

Under the robbery by sudden snatching statute, an object is taken from one's "immediate presence" even if it

> was out of the physical presence of the victim, if the object
> was under his control or his responsibility and if the victim

---

[17] *Thompson v. State*, 277 Ga. 102 (3) (586 SE2d 231) (2003).

[18] *Chapman*, supra at 317.

[19] (Footnote omitted.) *Robinson v. State*, 260 Ga. App. 186, 187 (581 SE2d 285) (2003).

[20] See *Graham v. State*, 275 Ga. 290, 292 (2) (565 SE2d 467) (2002).

was not too far distant. The meaning of presence is, not that the taking must necessarily be from the actual contact of the body, but if it is from under the personal protection, that will suffice. Within this doctrine, the person may be deemed to protect all things belonging to the individual within a distance, not easily defined, over which the influence of the personal presence extends.[21]

The facts in this case are virtually identical to those in *Moore v. State*.[22] Here, as there, the victim's undisputed awareness of the crime as it was being committed meant that the crime was unquestionably committed in her immediate presence. As in *Parker v. State*,[23] "[t]here was no evidence introduced at trial to indicate that the victim was ever out of [King's] immediate presence during the commission of the crime."[24] Thus, "there was no evidence introduced at trial raising the lesser offense and, therefore, no error in refusing the requested charge. [Cit.]"[25]

*Judgment reversed. Johnson, P. J., and Smith, P. J., concur.*

DECIDED JANUARY 25, 2005.

*David E. Morgan III, James C. Bonner, Jr.*, for appellant.
*Denise D. Fachini, District Attorney, Cheri L. Nichols, Assistant District Attorney*, for appellee.

[21] (Citations and punctuation omitted.) *Bryant v. State*, 213 Ga. App. 301, 302 (444 SE2d 391) (1994).
[22] 265 Ga. App. 511 (594 SE2d 734) (2004).
[23] 244 Ga. App. 419 (535 SE2d 795) (2000).
[24] Id. at 425 (1).
[25] Id. at 426.