A06A0156. LEMBCKE v. THE STATE.
(625 SE2d 505)

BLACKBURN, Presiding Judge.

Following a jury trial, Tiphany Lynne Lembcke appeals her convictions for making false writings and for making a false report of a crime to police. She challenges the sufficiency of the evidence, including specifically the evidence of venue, and further argues that the court erred in failing sua sponte to charge the jury on her sole defense of mistake of fact. We hold that no evidence proved venue on either count and therefore reverse.

1. When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State.*[1] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia.*[2]

(a) So construed, the evidence shows that Lembcke reported to police that certain checks had been stolen from her car while it was parked near a shopping center in Rome, Georgia. She gave police the

---

[16] *Johnson v. State*, 275 Ga. 650, 654 (8) (571 SE2d 782) (2002).
[17] Webster's Third New International Dictionary.
[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

stolen check numbers as beginning with check number 1070. She later went to her bank and signed a document declaring that five checks written and cashed on her account had been stolen and were forgeries, which included check numbers 1070, 1071, 1072, 1073, and 1075. Even though the bank clerk pointed out that check number 1075 had been cashed at the bank and asked if Lembcke was sure she had not cashed the check herself, Lembcke insisted that the check was stolen and forged.

A bank videotape showed that Lembcke had personally cashed check number 1075 at the bank, and Lembcke eventually conceded that she had written each of the five cashed checks. This evidence sufficed to sustain her convictions under OCGA §§ 16-10-20 (making a false writing) and 16-10-26 (making a false police report).

(b) Nevertheless, no evidence showed that the crimes were committed in Floyd County, where Lembcke was tried.

> Our Georgia Constitution requires that venue in all criminal cases must be laid in the county in which the crime was allegedly committed. Venue is a jurisdictional fact, and is an essential element in proving that one is guilty of the crime charged. Like every other material allegation in the indictment, venue must be proved by the prosecution beyond a reasonable doubt. Proof of venue is a part of the State's case, and the State's failure to prove venue beyond a reasonable doubt renders the verdict contrary to law, without a sufficient evidentiary basis, and warrants reversal.

(Punctuation and footnotes omitted.) *Jones v. State.*[3] See *King v. State.*[4]

Conceding that no direct evidence showed that the crimes took place in Floyd County, the State argues that the bank's office at which the written statement was signed was in the city of Rome, Georgia, and that "[a] jury of Floyd County residents would know that the entirety of Rome is located within Floyd County," despite the lack of any evidence at trial that Rome was located in Floyd County at all, let alone entirely. "By long-standing precedent, proving that a crime took place within a city without also proving that the city is entirely within a county does not establish venue." *Graham v. State.*[5] See *Robinson v. State.*[6] Thus, evidence that the false written statement was made

---

[3] *Jones v. State*, 272 Ga. 900, 901-902 (2) (537 SE2d 80) (2000).
[4] *King v. State*, 271 Ga. App. 384, 385 (1) (609 SE2d 725) (2005).
[5] *Graham v. State*, 275 Ga. 290, 293 (2) (565 SE2d 467) (2002).
[6] *Robinson v. State*, 260 Ga. App. 186, 187 (581 SE2d 285) (2003).

in a Rome branch of the bank and that the false police report was made to the Rome police did not prove venue in Floyd County.

Without citing authority, the State next argues that because Lembcke failed to challenge the sufficiency of the venue evidence at trial or in her motion for new trial, she could not raise such on appeal. In criminal cases, however, challenges to the sufficiency of the evidence need not have been raised below, whether at trial or in a motion for new trial. *Smith v. State.*[7]

Due to the absence of evidence regarding venue, we reverse both convictions. See *King*, supra at 387 (1). "We note that retrial would not be barred by the Double Jeopardy Clause. See *Jones*, supra at 905 (4)." *Robinson*, supra at 187.

2. In her final enumeration, Lembcke concedes that she failed to request a jury charge on "mistake of fact"[8] but argues that the court should have given a charge on the issue anyway. Because this is unlikely to recur upon retrial, we do not address the issue. See *Rice v. State.*[9]

*Judgment reversed. Mikell and Adams, JJ., concur.*

DECIDED DECEMBER 28, 2005.

*Fred R. Simpson*, for appellant.

*Leigh E. Patterson, District Attorney, Suhirjahaan S. Morehead, Assistant District Attorney*, for appellee.

---

[7] *Smith v. State*, 244 Ga. App. 165, 169-170 (4) (534 SE2d 903) (2000).

[8] See OCGA § 16-3-5.

[9] *Rice v. State*, 226 Ga. App. 770, 774 (4) (487 SE2d 517) (1997).