A06A1097. IN THE INTEREST OF T. W., a child.
(634 SE2d 854)

ANDREWS, Presiding Judge.

The Juvenile Court of Sumter County adjudicated T. W., age 13, delinquent for acts that, if committed by an adult, would have constituted aggravated assault. T. W. appeals, claiming that the State did not prove venue and also claiming that the evidence was insufficient on one of the charges of aggravated assault. We conclude that the evidence was sufficient to support the adjudication of delinquency on the merits of the crimes charged; however, because venue was not proved, we reverse and remand for retrial.

In considering an appeal from an adjudication of delinquency, we view the evidence in the light most favorable to the prosecution to determine if a rational trier of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged. *In the Interest of D. S.*, 239 Ga. App. 608 (521 SE2d 661) (1999). The evidence is considered under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), with all reasonable inferences construed in favor of the juvenile court's findings. *In re E. A. D.*, 271 Ga. App. 531 (610 SE2d 153) (2005).

So viewed, the record shows that T. W. was charged with two counts of aggravated assault. One of the victims testified that T. W. began harassing him as he walked down the street. The victim stated that T. W. ran behind some apartments and came back with a gun. T. W. pointed it at the victim and told him "I'll kill you." There was also evidence that T. W. hit another man, the victim's brother, with a "big old broken tree limb," bruising his back.

T. W. was adjudicated delinquent on two counts of aggravated assault, one with a gun and one with a tree limb. T. W. does not challenge the sufficiency of the evidence with regard to the aggravated assault with a gun count. He does argue, however, that there was insufficient evidence that the tree limb was a deadly weapon under the aggravated assault statute; specifically, he contends there was no evidence that the tree limb was capable of causing serious bodily injury.

OCGA § 16-5-21 (a) provides that: "A person commits the offense of aggravated assault when he or she assaults: (1) With intent to murder, to rape, or to rob; (2) With a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." For objects not considered deadly weapons per se, the State has the burden of showing that the circumstances under which the object was used made it a deadly weapon. *Talley v. State*, 137 Ga. App. 548, 550 (224 SE2d 455) (1976). Whether the instrument used constitutes a deadly

weapon in an aggravated assault case is properly for the jury's determination. *Quarles v. State*, 130 Ga. App. 756, 757 (204 SE2d 467) (1974).

We note that this Court has held that fists and feet, although not deadly weapons per se, can become such instruments when used to strike another. *Skaggs v. State*, 278 Ga. 19, 20 (596 SE2d 159) (2004). See also *Wheeler v. State*, 232 Ga. App. 749, 749-750 (503 SE2d 628) (1998) ("[a]lthough hands, feet, and a telephone receiver are not deadly weapons per se, a jury may find them to be deadly depending upon their use, wounds inflicted, and other surrounding circumstances") (punctuation omitted); *Talley v. State*, 209 Ga. App. 79, 81 (432 SE2d 667) (1993) (evidence that victim was cut on neck with a "sharp-edged object" sufficient to support conviction of aggravated assault); *Talley*, supra, 137 Ga. App. at 550 (evidence sufficient to support conviction of aggravated assault where lamp was used as a deadly weapon). Accordingly, because this was an issue for the fact-finder, we conclude that the evidence was sufficient for the juvenile court to find T. W. guilty of aggravated assault with a tree limb beyond a reasonable doubt.

T. W. argues that the State did not prove venue. Venue is a jurisdictional fact that the prosecution must prove beyond a reasonable doubt. *Graves v. State*, 269 Ga. 772, 773 (504 SE2d 679) (1998).

Here, the State concedes that it presented no evidence of venue and the juvenile court did not take judicial notice that the location described at the hearing was in Sumter County. Therefore, because the State did not establish the county in which the offense was committed, it has failed to prove venue beyond a reasonable doubt and the evidence is insufficient to support the adjudication of delinquency. *Jones v. State*, 272 Ga. 900, 901-902 (537 SE2d 80) (2000); *Robinson v. State*, 260 Ga. App. 186, 187 (581 SE2d 285) (2003). Accordingly, we reverse T. W.'s adjudication of delinquency. In doing so, we note that retrial is not barred by the Double Jeopardy Clause so long as venue is properly established at retrial. *Jones*, supra at 905.

*Judgment reversed and case remanded. Barnes and Bernes, JJ., concur.*

DECIDED JULY 26, 2006.

*Reese H. Davis*, for appellant.
*Cecilia M. Cooper, District Attorney, Kameyan L. Bryant, Assistant District Attorney*, for appellee.