A07A1390. IN THE INTEREST OF D. D., a child.

(651 SE2d 817)

BERNES, Judge.

D. D. was adjudicated delinquent after the Coweta County Juvenile Court found him guilty of aggravated assault, felony obstruction of an officer, and misdemeanor obstruction of an officer. He appeals, arguing that the evidence was insufficient to support the juvenile court's adjudication on the felony obstruction charge and that the state failed to prove venue. We conclude the evidence presented was sufficient to support the delinquency adjudications for the underlying offenses, but we nevertheless reverse the judgment because venue was not proved.

On appeal, we examine the record in the light most favorable to the judgment to determine if the state presented evidence sufficient for a rational trier of fact to conclude that the accused committed the act charged. Brown v. State, 275 Ga. App. 99 (1) (619 SE2d 789) (2005). See Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). When making this determination, we do not weigh the evidence or assess the credibility of witnesses. Brown, 275 Ga. App. at 99 (1).

So viewed, the evidence shows that on December 6, 2006, D. D. approached a group of teenagers at the Sargent Baptist Church and threatened to slit the victim's throat. When the victim stood up prepared to fight, D. D. took a knife out of his pocket and opened the blade. After the victim's friends and two pastors of the church intervened, D. D. left and went to his home, where deputies were sent to arrest him.

When the first deputy arrived at D. D.'s residence, D. D. screamed obscenities at the deputy and fled to a house across the street. The deputy attempted to subdue D. D. by spraying him with pepper spray, but was unsuccessful. D. D. continued to scream obscenities and refused the deputy's commands even after a second deputy arrived on the scene. Consequently, the second deputy also sprayed D. D. with pepper spray, after which D. D. yelled an obscenity at the officer, put

his fists in front of his face, and assumed a "fighting stance." D. D. was finally subdued and taken into custody after the second deputy struck him with a baton.

1. The evidence set forth above was sufficient for the juvenile court to find, beyond a reasonable doubt, that D. D. committed the crimes charged.

Under Georgia law, a person commits felony obstruction of an officer if he or she "knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of such officer." OCGA § 16-10-24 (b). The state's petition alleged that D. D. committed obstruction when he "offer[ed] or [did] violence to the person of [the second officer]." D. D. argues that, although he was "obnoxious and contemptuous," the evidence failed to show that he did or offered to do violence to the officer.

The second officer's testimony that D. D. assumed a "fighting stance," placed his fists in front of his face, and yelled obscenities at the officers while refusing to obey their commands, was sufficient to show that D. D. "offered to do violence" to the officer. See, e.g., *Sampson v. State*, 283 Ga. App. 92, 94 (2) (640 SE2d 673) (2006). The statute does not require actual violence, nor does it require injury to an officer in order to support a felony conviction. Id.; *In the Interest of D. J. E.*, 266 Ga. App. 807, 811 (3) (598 SE2d 108) (2004); *Gillison v. State*, 254 Ga. App. 232, 232-233 (1) (561 SE2d 879) (2002).

Although not specifically enumerated, the evidence was also sufficient to support an adjudication of guilt on the remaining counts of aggravated assault and misdemeanor obstruction of an officer. See OCGA §§ 16-5-21 (a) (2); 16-10-24 (a).

2. We nonetheless must reverse the juvenile court's adjudication of delinquency because the state failed to adequately prove venue. "Venue is a jurisdictional fact, and is an essential element in proving that one is guilty of the crime charged. Like every other material allegation in the indictment, venue must be proved by the prosecution beyond a reasonable doubt." (Footnote omitted.) *King v. State*, 271 Ga. App. 384, 385 (1) (609 SE2d 725) (2005). See Ga. Const. of 1983, Art. VI, Sec. II, Par. VI; OCGA § 15-11-29 (a). Cases against juveniles alleging delinquent conduct may be brought in either the county of the juvenile's residence or the county in which the allegedly delinquent acts occurred. OCGA § 15-11-29 (a). The standard of review on appeal to determine whether venue was sufficiently proved is the same as any other sufficiency review — whether, in the light most favorable to the prosecution, any rational trier of fact could have found venue beyond a reasonable doubt. *Thompson v. State*, 277 Ga. 102, 103 (1) (586 SE2d 231) (2003).

This case was tried in Coweta County. The state presented no evidence whatsoever as to the location of D. D.'s residence. Consequently, it was required to prove that the aggravated assault and acts of obstruction — which occurred at two separate and distinct locations — were committed in Coweta County. We will address each in turn.

(a) A thorough review of the record reveals that the only evidence presented at the bench trial related to the location of the aggravated assault was the witnesses' testimony that the crime occurred at Sargent Baptist Church, and that the church is located in the City of Sargent. The state offered no evidence to establish that either the church or the city is contained within the boundaries of Coweta County.[1] As stated by our Supreme Court, "proving that a crime took place within a city without also proving that the city is entirely within a county does not establish venue." (Footnote omitted.) *Graham v. State*, 275 Ga. 290, 293 (2) (565 SE2d 467) (2002). See *King*, 271 Ga. App. at 387 (1); *Melton v. State*, 282 Ga. App. 685, 688 (1) (a) (639 SE2d 411) (2006); *Lembcke v. State*, 277 Ga. App. 110, 111-112 (1) (b) (625 SE2d 505) (2005). The evidence of venue was insufficient as to the aggravated assault and the adjudication of guilt on that charge must therefore be reversed.

(b) Nor did the state prove that the two crimes of obstruction of an officer occurred in Coweta County. The first officer testified that the acts underlying the offenses occurred at a house across the street from D. D.'s residence. But as previously mentioned, the record is devoid of evidence as to the location of D. D.'s residence or the neighboring house. Consequently, venue was not sufficiently proved to support the convictions on either charge of obstruction of an officer. *Thompson*, 277 Ga. at 104 (3); *Jones v. State*, 272 Ga. 900, 903-904 (3) (537 SE2d 80) (2000).

Contrary to the state's argument, the "slight evidence exception" to venue no longer applies in a case where a criminal defendant has entered a plea of not guilty. *Jones*, 272 Ga. at 900-901. See *King*, 271 Ga. App. at 385-386 (1); *Chandler v. State*, 248 Ga. App. 154, 155 (546 SE2d 296) (2001). "[W]hen a criminal defendant pleads not guilty, he or she has challenged venue." *Jones*, 272 Ga. at 902 (2). See *Chandler*, 248 Ga. App. at 155. Finally, the fact that the responding officers were employed by the Coweta County Sheriff's Department cannot serve

---

[1] Although the trial court would have been authorized to take judicial notice of the geographical boundaries of the City of Sargent, he did not do so within the procedural requirements set forth in *Graves v. State*, 269 Ga. 772, 775-776 (4) (a) (504 SE2d 679) (1998), overruled on other grounds, *Jones v. State*, 272 Ga. 900 (537 SE2d 80) (2000) (requiring that a trial court announce its decision prior to taking judicial notice of any fact and afford the parties an opportunity to be heard regarding whether judicial notice should be taken).

as the exclusive proof that the crimes occurred in that county. *King*, 271 Ga. App. at 387 (1) ("[T]he investigating officers' county of employment does not, in and of itself, constitute sufficient proof of venue to meet the beyond a reasonable doubt standard."). See *Jones*, 272 Ga. at 903-904 (3). Compare *Chapman v. State*, 275 Ga. 314, 317-318 (4) (565 SE2d 442) (2002) (jury was authorized to find that the crime had occurred within Fulton County based upon a responding officer's testimony that he worked in the Fulton County portion of the City of Atlanta coupled with the testimony of an examiner from the Fulton County Medical Examiner's office that he performed autopsies on the bodies of victims who die within the jurisdictional limits of Fulton County).

Although we are reversing the juvenile court's delinquency adjudication, we note that "the [s]tate may retry [D. D.] without violating the Double Jeopardy Clause [because] there was otherwise sufficient evidence at trial to support the defendant's [delinquency adjudication] for the crimes charged." (Citation omitted.) *Melton*, 282 Ga. App. at 689 (2). See *In the Interest of T. W.*, 280 Ga. App. 693, 694 (634 SE2d 854) (2006).

*Judgment reversed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 11, 2007.

*Jodie A. Gentile, Jerry F. Pittman*, for appellant.
*Nathaniel L. Smith*, for appellee.

