664 S.E.2d 240 (2008)
In the Interest of M.S., a child.
No. A08A0550.
Court of Appeals of Georgia.
June 20, 2008.
*241 David E. Webb, for appellant.
J. Gray Conger, District Attorney, Michele C. Ivey, Douglas L. Breault, Assistant District Attorneys, for appellee.
BARNES, Chief Judge.
The juvenile court adjudicated 16-year-old M.S. delinquent after finding that he made terroristic threats and trespassed on school property. M.S. appeals, challenging the sufficiency of the evidence supporting both venue and the terroristic threats allegation. For reasons that follow, we reverse.
When reviewing a challenge to the sufficiency of the evidence, we construe the evidence favorably to the juvenile court's judgment. In the Interest of D.D., 287 Ga. App. 512, 651 S.E.2d 817 (2007). We do not weigh the evidence or resolve issues of witness credibility, but merely determine whether a rational trier of fact could have found that M.S. committed the acts charged in the delinquency petition. Id.
So viewed, the evidence shows that on August 9, 2007, the principal of M.S.'s high school saw M.S. arguing with another student in the school cafeteria. After the principal intervened, M.S. continued to be uncooperative and started to leave the campus without permission. The school's attendance officer, approached him, attempting to calm the situation, and M.S. stated that he planned to get a gun and come back to school.
It does not appear that M.S. returned with a gun. Later that day, however, he made several threatening remarks to the principal and the student with whom he had been arguing. Although the principal suspended M.S. for ten days pending a disciplinary hearing, M.S. entered the school during the suspension and was sent home. Following the hearing, M.S. was expelled for the remainder of the school year, and the principal notified M.S.'s mother about the expulsion. The next week, however, the principal saw M.S. on school grounds, where "he was not supposed to be."
The State filed a delinquency petition alleging that M.S. had trespassed by entering school property without permission and had made a terroristic threat by "threaten[ing] to commit a crime of violence with the purpose of terrorizing another, to-wit: [The school attendance officer], in reckless disregard of the risk of causing terror." Finding that M.S. committed both acts, the juvenile court adjudicated him delinquent.
1. M.S. challenges the sufficiency of the evidence supporting venue, and the State concedes that it offered no proof of venue. It follows that the juvenile court's delinquency finding must be reversed. See In the Interest of D.D., supra, 287 Ga.App. at 513-515(2), 651 S.E.2d 817 (reversing delinquency finding because State failed to prove venue); In the Interest of T.W., 280 Ga.App. 693, 694, 634 S.E.2d 854 (2006) ("Venue is a jurisdictional fact that the prosecution must prove beyond a reasonable doubt.") (citation omitted).
2. The State asserts on appeal that, given the proof problem regarding venue, M.S.'s "remaining contentions of error . . . are moot and need not be addressed." We disagree. Despite its failure to establish venue, "the State may retry [M.S.] without violating the Double Jeopardy Clause if there was otherwise sufficient evidence at trial to support the [delinquency finding] for the crimes charged." (Emphasis supplied.) Melton v. State, 282 Ga.App. 685, 689(2), 639 S.E.2d 411 (2006); see also In the Interest of D.D., supra, 287 Ga.App. at 515, 651 S.E.2d 817. The question remains, therefore, whether the evidence supports the delinquency allegations.
M.S. does not challenge the juvenile court's trespass finding, and the evidence shows that *242 he entered school property without permission after receiving notice to stay away, in violation of OCGA § 16-7-21(b)(2). Accordingly, he may be retried as to this portion of the delinquency petition. Melton, supra, 282 Ga.App. at 689(2), 639 S.E.2d 411; In the Interest of D.D., supra, 287 Ga.App. at 515, 651 S.E.2d 817.
As to the terroristic threat allegation, however, we agree with M.S. that the State offered insufficient evidence. Under OCGA § 16-11-37(a), "[a] person commits the offense of a terroristic threat when he or she threatens to commit any crime of violence. . . with the purpose of terrorizing another." The offense focuses solely on the accused's conduct "and is completed when the threat is communicated to the victim with the intent to terrorize." (Footnote omitted.) Armour v. State, 265 Ga.App. 569, 571(1), 594 S.E.2d 765 (2004).
The delinquency petition named the school attendance officer  not the principal or any student  as the victim of the alleged terroristic threat. And although the evidence shows that M.S. told her that he was leaving school to retrieve a gun, it does not demonstrate that he made the statement to terrorize her. On the contrary, the attendance officer testified that she had known M.S. for "a long time" and understood that he was angry at the other student, not her, and he did not threaten her. According to the attendance officer, the statement was not directed at her, and she felt no threat from M.S., who refers to her as "auntie."
We recognize that the State need not present direct evidence of the accused's intent "if the circumstances surrounding the threat are sufficient for a [factfinder] to find the threat[ ][was] made" to terrorize the victim. (Citations and punctuation omitted.) Jordan v. State, 214 Ga.App. 346, 347, 447 S.E.2d 341 (1994). But no such circumstances exist here. Although M.S. had a history of disciplinary problems, the evidence does not demonstrate any animosity or threatening behavior toward the attendance officer.
We certainly condemn M.S.'s conduct, but the evidence does not support a finding that he made a terroristic threat against the attendance officer as alleged in the delinquency petition.[1] See Stephens v. State, 271 Ga.App. 509, 510, 610 S.E.2d 143 (2005) (terroristic threat conviction reversed where State failed to show that defendant wrote letter containing alleged threat for purpose of terrorizing victim). On remand, therefore, the State may not retry M.S. on this allegation. See Melton, supra, 282 Ga.App. at 689(2), 639 S.E.2d 411; In the Interest of C.C., 280 Ga. App. 590, n. 1, 634 S.E.2d 532 (2006).
Judgment reversed.
JOHNSON, P.J., and PHIPPS, J., concur.
NOTES
[1] At the adjudicatory hearing, the State suggested that even if the attendance officer had not been threatened, M.S.'s statement was a threat "to the safety of all the kids in the school." The delinquency petition, however, alleged that M.S. made a threat for the purpose of terrorizing the attendance officer. Any effort to support the case based on a threat to another victim would result in a fatal variance between the allegations in the petition and the proof presented at trial. See Clark v. State, 278 Ga.App. 412, 414(1), 629 S.E.2d 103 (2006) ("If the victim named in the indictment and proven at trial are two different people, then a fatal variance has occurred.") (citation omitted).