**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

June 11, 2014

# In the Court of Appeals of Georgia

A14A0286. SIMPSON v. THE STATE.

BARNES, Presiding Judge.

Christopher Aaron Simpson appeals from the denial of his motion for new trial following his conviction for the offense of false statements or writings. Simpson contends that the evidence was insufficient to sustain his conviction and that trial counsel was ineffective for failing to object to the introduction of inadmissible character evidence. Upon review, and finding the evidence sufficient, we affirm.

When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

*Lembcke v. State*, 277 Ga. App. 110 (1) (625 SE2d 505) (2005).

So viewed, the evidence shows that Simpson was an inmate at the Floyd County Work Release Center.[1] On March 20, 2012, Simpson was in the large common area where inmates watch television, use the telephone and socialize with each other. There is also a secured area inside the common area called the "Control Room" that is staffed by an officer. The Control Room has a window with a writing ledge below for passing papers back and forth to the inmates.

On the day of the incident, Simpson approached the Control Room and requested some paper forms, which the officer passed through a slot in the window. The officer testified that she stuck the forms out of the slot "in an attempt to hand them to . . . Simpson," but he did not accept the forms and they fell off the ledge to the floor. The officer testified that the papers may have "brushed by [Simpson's] face" because Simpson was "face level with the window." Simpson filed a complaint against the officer, alleging that she had assaulted him. The officer who investigated the incident testified that he viewed a videotape of the incident and reported back to the Deputy Warden that he did not find any grounds for the assault allegation. The captain and administrator at the Center also testified that he viewed the videotape and

[1] The Work Release Center is an alternative incarceration that permits inmates to continue to retain employment during their confinement. The inmates are required to stay at the Center when they are not working.

2

did not see the officer commit an assault upon Simpson. However, in response to the incident, the officer was verbally counseled for unprofessional behavior, but not "in direct relation to an assault."

On April 10, 2012, in response to several disciplinary reports involving Simpson, the captain held an administrative hearing at which he advised Simpson that he was in danger of being terminated from the program if he received any more disciplinary reports. On April 20, 2012, Simpson was terminated from the program after receiving three additional disciplinary reports for insubordination, obstructing the duties of a staff member, and disrespecting a staff member.[2]

Thereafter, on June 4, 2012, while incarcerated at the Floyd County Jail, Simpson filed an application for an arrest warrant against the officer, in which he alleged, among other things, that he had been "physically assaulted" by the officer, denied assess to 911, had his work schedule sabotaged by the officer, and had been terminated from the work release program in "direct retribution" for the incident. Following a hearing, at which both Simpson and the officer appeared, the trial court denied Simpson's application, finding that there was "no evidence sufficient to cause the Court to issue a warrant."

---

[2] The disciplinary reports are not included with the record.

3

On October 26, 2012, Simpson was indicted for false statements and writings in which it was alleged that he "did unlawfully . . . knowingly and willfully make a false representation and writing . . . in that [Simpson] did file a warrant application against [the officer] . . . alleging that [Simpson] was physically assaulted, and that his work schedule was sabotaged" in violation of OCGA § 16-10-20. Following a jury trial, Simpson was found guilty, and it is from that conviction and the denial of his motion for new trial that he now appeals.

1. Simpson first contends that the evidence was insufficient to sustain his conviction for false statements and writings because there was no evidence that he *knowingly* made a false statements or writing because there was evidence that the forms hit him when they came out of the slot.

OCGA § 16-10-20 provides that,

[a] person who knowingly and willfully . . . makes a false, fictitious, or fraudulent statement or representation; or makes or uses any false writing or document, knowing the same to contain any false, fictitious, or fraudulent statement or entry, in any matter within the jurisdiction of any department or agency of state government or of the government of any county, city, or other political subdivision of this state shall, upon conviction thereof, be punished by a fine of not more than $1,000.00 or by imprisonment for not less than one nor more than five years, or both.

4

Here, the State presented sufficient evidence to prove that Simpson intentionally made a false statement in the warrant application. It is undisputed that the videotape of the incident was shown to the jury, that Simpson applied for the arrest warrant against the officer, and that the warrant application warned that making false statements could result in criminal charges. Further, it is undisputed that the trial court found that the evidence was insufficient to return an arrest warrant for assault against the officer. Morever, the evidence also demonstrated that Simpson did not immediately pursue a warrant for the assault until he was terminated from the work release program.

Thus, as "[i]ntent is a question of fact for jury resolution [and] may be proven by circumstantial evidence, by conduct, demeanor, motive, and all other circumstances," (Citations and punctuation omitted.) *Shores v. State*, 240 Ga. App. 189, 192 (1) (522 SE2d 515) (1999), we find the State presented sufficient evidence for the jury to find that Simpson was guilty of the crime charged. See *Stack-Thorpe v. State*, 270 Ga. App. 796, 805 (7) (608 SE2d 289) (2004) (defendant's intent to "knowingly and/or willfully" falsify documents was for jury to determine).

2. Simpson also contends that his trial counsel was ineffective for failing to object to impermissible character evidence. He maintains that his trial counsel failed

5

to object to evidence of his multiple disciplinary reports while he was an inmate at the work release center and that the evidence was not admissible under former OCGA § 24-2-2.[3] We do not agree.

To prevail on a claim of ineffective assistance under the two-pronged test set forth in *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984), "[Simpson] must show that [his] counsel's performance was deficient and that the deficient performance so prejudiced him that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different." (Citation and punctuation omitted.) *Anthony v. State*, 317 Ga. App. 807, 813 (4) (732 SE2d 845) (2012). Simpson has failed to carry his burden with regard to his ineffective assistance claim.

Under former OCGA § 24-2-2, "[t]he general character of the parties and especially their conduct in other transactions are irrelevant matter unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct." Likewise, under Georgia's new Evidence Code,

---

[3] OCGA § 24-2-2 "was superseded by OCGA § 24-4-404." *Johnson v. State*, 293 Ga. 641, 644 (6), n. 3 (748 SE2d 896) (2013). Simpson was tried on March 22, 2013, thus our new Evidence Code applied to his trial. See Ga. L. 2011, pp. 99, 214, § 101.

[e]vidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

OCGA § 24-4-404 (b). Thus, if the evidence of other acts is relevant for some other purpose than to show a probability that the defendant committed the crime because he is a man of criminal character, the evidence is admissible despite incidentally placing the defendant's character in issue. (Citations and punctuation omitted.) *Washington v. State*, 294 Ga. 560, 563 (2) (755 SE2d 160) (2014).

Here, while Simpson's character was arguably put into evidence by testimony about several disciplinary reports against him, the testimony regarding the disciplinary reports was relevant to explain why Simpson was terminated from the program since he had alleged in his warrant application that the officer had caused his termination. Evidence material to a case is not inadmissible because it incidentally puts a defendant's character in issue.[4] See *Bozzuto v. State*, 276 Ga. App. 614, 618 (2) (624 SE2d 166) (2005) (The "evidence of a previous conflict between the

---

[4] At the motion for new trial hearing, Simpson's trial counsel testified that he could not recall the testimony about the disciplinary infractions and remembered "very little about the case."

7

condominium association and Bozzuto was relevant to whether Bozzuto made these telephone calls with the intent of harassing the victim."); see also *Friar v. State*, 253 Ga. 87, 89 (3) (316 SE2d 466) (1984) (evidence defendant forged traveler's checks taken from murder victim was integral to the murder case against defendant and only incidentally placed his character in issue).

Since Simpson has not shown that this evidence was impermissible character evidence, trial counsel's failure to object does not constitute ineffective assistance of counsel. See *Warren v. State*, 289 Ga. App. 481, 489 (7) (e) (657 SE2d 533) (2008).

*Judgment affirmed. Boggs and Branch, JJ., concur*.