A06A0628. BANKS v. THE STATE.

(630 SE2d 571)

MIKELL, Judge.

Anthony Banks was convicted of child molestation by a DeKalb County jury and sentenced to twenty years to serve ten. Without challenging the sufficiency of the evidence that supports his conviction, Banks argues that his conviction should be reversed because the continuing witness rule was violated and the trial judge improperly commented upon the evidence and rebuked defense counsel. For reasons stated below, we affirm.

"On appeal from a criminal conviction, we view the evidence in a light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility."[1] So viewed, the record shows that 12-year-old J. L. testified that her father, the defendant, would take her into her parents' room while her mother was at work and that he would touch her. She explained that he pulled up her shirt to touch her chest under her clothes and that he touched her vagina with his fingers. J. L.'s 13-year-old brother, D. L., testified that he saw Banks go into his mother's bedroom with his sister and close the door; that when he tried to enter the room to see what they were doing, they would not let him in; and that when he asked J. L. what happened, she would not tell him anything.

Dr. Danielle Levy, the program manager of the DeKalb office of the Georgia Center for Children, testified that she conducted a

---

[1] (Footnote omitted.) *Colon v. State*, 275 Ga. App. 73, 73-74 (619 SE2d 773) (2005).

videotaped interview of J. L. on August 9, 2004. She further testified that she regularly uses anatomical drawings when interviewing children; that J. L., who was ten years old at the time of the interview, indicated that Banks had touched her inappropriately by pointing to the vagina on the diagram; and that J. L. said that Banks touched her with his hands under her clothes. The videotaped interview was played for the jury and the anatomical drawing, upon which the vaginal area was circled and the words "touched w/hands" were written, was admitted into evidence.

1. In his first enumeration of error, Banks argues that the trial court violated the continuing witness rule when it allowed the anatomical drawing used during Dr. Levy's interview of J. L. to be taken into the jury room. We disagree.

"A 'continuing witness' objection is not applicable to drawings or other documents which are 'demonstrative evidence that serve only to illustrate testimony given by the witnesses.' "[2] In *Gabbard v. State*,[3] this court rejected the very argument asserted herein by Banks, holding as follows:

> In Georgia the "continuing witness" objection is based on the notion that *written* testimony is heard by the jury when read from the witness stand just as oral testimony is heard when given from the witness stand. But, it is unfair and places undue emphasis on written testimony for the writing to go out with the jury to be read again during deliberations, while oral testimony is received but once. Here, the anatomical drawings in question are demonstrative evidence that serve only to *illustrate* testimony given by the witnesses. The drawings have no "testimonial" value in and of themselves. Thus, the drawings are not "written testimony," as are depositions, interrogatories, written confessions, written dying declarations, and other documents that have been held subject to a "continuing witness" objection.[4]

Banks argues that the diagram violated the continuing witness rule because its evidentiary value depended on the victim's credibility. We cannot agree. The diagram constituted demonstrative evidence that illustrated the victim's testimony as given during the videotape, which was played for the jury.[5] However, even had we determined

---

[2] (Footnote omitted.) *Bryant v. State*, 249 Ga. App. 383, 384 (3) (547 SE2d 721) (2001).

[3] 233 Ga. App. 122 (503 SE2d 347) (1998).

[4] (Citation and punctuation omitted; emphasis in original.) Id. at 124 (3).

[5] See also *Edwards v. State*, 253 Ga. App. 479, 482 (3) (559 SE2d 506) (2002) (anatomical diagram admissible as demonstrative evidence even where only an audiotape in which the

that the trial court erred, "harm as well as error must be shown to warrant a reversal."[6] Since it is highly probable that the words on the diagram did not contribute to the verdict, in light of the testimony of the victim, her brother, and Dr. Levy, any alleged error would have been harmless.[7]

2. Banks contends that the trial court erroneously commented upon the evidence by disparaging his theory that the case had not been adequately investigated and inappropriately rebuked his counsel in violation of OCGA § 17-8-57. We disagree.

This alleged error occurred during Banks's cross-examination of officer D. A. Kitchen, the lead detective in the case. Banks's counsel questioned Kitchen about the section of the police manual that governed the protocol for youth and sex crimes. Overruling several of the state's objections, the trial court allowed the questioning about the protocol, which had not been admitted into evidence. Once defense counsel asked the officer whether he investigated any of the victim's prior delinquent acts, the state objected on the grounds that the information defense counsel sought was prejudicial. The witness subsequently testified that he had not done any of the things suggested in the manual.

Defense counsel argued that the jury should be made aware of all of the investigative strategies listed in the protocol. The trial judge commented that the witness already had testified that he had not done any of the things listed in the manual and suggested that defense counsel introduce the document to continue the line of questioning, and counsel declined. The following colloquy ensued: "Court: We're playing a lot of games, aren't we, [counsel], and I don't like that. Counsel: I'm not playing games, your honor. Court: Yes, you are. I don't like that. I don't appreciate that." At that point the officer's cross-examination continued and another witness was called to testify, after which defense counsel belatedly moved for a mistrial outside of the jury's presence.

Defense counsel argued that it was improper for the court to suggest that she was playing games with the jury because she did not

---

diagram was utilized was played for the jury).

[6] (Citations and punctuation omitted.) *Hinton v. State*, 233 Ga. App. 213, 214 (1) (504 SE2d 49) (1998).

[7] See *Parks v. State*, 199 Ga. App. 736, 739 (2) (406 SE2d 229) (1991) (highly improbable that the one-sentence statement written by victim on photographic lineup that went out with the jury contributed to the judgment in light of all the evidence). See also *Kent v. State*, 245 Ga. App. 531, 533 (3) (538 SE2d 185) (2000) (allowing victim's statement to go out with jury violated the continuing witness rule, but the error was harmless since the evidence contained therein was brought out during trial and evidence of guilt was overwhelming); *Gough v. State*, 236 Ga. App. 568, 570 (2) (512 SE2d 682) (1999) (same).

want to introduce the manual into evidence. The trial judge reiterated his belief that defense counsel was engaging "in a tactic and a game" by attempting to submit evidence to the jury without introducing it. The trial court denied the motion for mistrial, but offered to give any curative instruction prepared by the defense, and stated that if defense counsel had requested a curative instruction at the time the comment was made, he would have given it then. Defense counsel did not submit an instruction, but the trial court instructed the jury that:

> [t]here was a time when there was the cross-examination of the witness Kitchen. . . . I may have made a remark to Ms. Washington about games or gamesmanship or something like that. What I wanted to caution you all was that that was a remark I made and probably was a mistake on my part to the extent that it suggested to you that this trial or this proceeding is a game. It's not a game. I hope that I have tried everything that I possibly can to impress upon you the seriousness of it. I use the term gamesmanship sometimes about the rules of evidence. And sometimes I'm a little bit too — I get probably — I don't want to say the word is abstruse, but the rules of evidence are rather complicated and sometimes I use that word when I shouldn't. And that was probably a mistake on my part. I know it was a mistake on my part to use the word games to the extent that it might suggest to you that this trial is a game because it is not a game at all. And so I want to ask you please don't put weight upon that comment as being any — I mean, I wasn't castigating her. I wasn't criticizing her. I think she's done a very, very professional job, as has the state in presenting this case. And that is something I want to make real clear to you, okay.

At the conclusion of the instruction, defense counsel did not object or renew her motion for mistrial.

In pertinent part, OCGA § 17-8-57 provides that "[i]t is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused." The record here does not support Banks's argument that the trial court violated this statute. In fact, the trial court's comment during Detective Kitchen's cross-examination on the manual, that the officer had not done any of the things listed in the manual, arguably supported Banks's theory of defense. Finally, any perceived rebuke of counsel was adequately cured by the curative instruction. If dissatisfied with the curative instruction, defense counsel was required to renew the motion for

mistrial after the instruction to preserve the issue for review.[8] We note, too, that any alleged deficiency in the curative instruction could have been cured had defense counsel taken the opportunity offered by the court to prepare the curative instruction.[9] Accordingly, we find no error.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED APRIL 20, 2006.

*Gerard B. Kleinrock*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.

---

[8] See *Sims v. State*, 165 Ga. App. 881, 884 (5) (c) (303 SE2d 60) (1983).
[9] See *Strickland v. State*, 247 Ga. 219, 223 (13) (275 SE2d 29) (1981).