Joe Frances BENNETT, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

and

Marcella Marie Patterson, Appellant,

v.

Commonwealth of Kentucky, Appellee.

Nos. 2005–CA–002369–MR, 2005–CA–002370–MR.

Court of Appeals of Kentucky.

Dec. 8, 2006.

Discretionary Review Denied by Supreme Court April 11, 2007.

Daniel T. Goyette, Louisville Metro Public Defender, J. David Niehaus, Deputy Appellate Defender, Louisville, KY, for appellants.

Gregory D. Stumbo, Attorney General of Kentucky, Courtney J. Hightower, Assistant Attorney General, Frankfort, KY, for appellees.

Before COMBS, Chief Judge; WINE, Judge; PAISLEY,[1] Senior Judge.

## OPINION

WINE, Judge.

Joe Frances Bennett and Marcella Marie Patterson appeal from conditional guilty pleas following a mistrial in their joint trial on drug trafficking charges. They both argue, for different reasons, that the trial court erred in denying their motions to dismiss on double jeopardy grounds. However, their motions for a mistrial preclude them from objecting to a retrial on double jeopardy grounds, and there is no showing that the mistrial was caused by an intentional action of the prosecutor. We further conclude that the trial court acted within its discretion in finding that a manifest necessity existed for a mistrial in both cases. Hence, we affirm.

On August 30, 2004, a Jefferson County grand jury returned an indictment charging Bennett and Patterson with first-degree trafficking in a controlled substance (methamphetamine) and first-degree possession of a controlled substance (schedule II—cocaine). The charges arose from a controlled delivery of a package containing 501 methamphetamine pills on October 23, 2003. The package was from a fictitious address in New York and was addressed to "Marcella Peterson." After the package was discovered through screening at a Federal Express hub, the police obtained a search warrant and then had the package delivered to the address where Bennett and Patterson were living.

Upon delivery of the package, the police entered and searched the apartment pursuant to the warrant. Bennett and Patterson were the only persons in the apartment and a black-light test revealed that they had opened the package. During the search, the police discovered two pills containing suspected cocaine. They also discovered a stack of unused Federal Express boxes in a closet.

The matter proceeded to a joint trial in July 2005. At the close of the Commonwealth's case, the trial court directed verdicts of acquittal on the cocaine charges. After the conclusion of all of the evidence, the jury was instructed on principal/accomplice theories for trafficking in or possession of methamphetamine. However, the jury sent a note out indicating that they had discovered a paper in the stack of unused Federal Express boxes. The jury foreman stated that they considered the paper significant because it was a Federal Express bill showing Bennett's name and made out for delivery in New York City. The paper had not been introduced at trial. Co-counsel for the Commonwealth admitted that he had seen the paper in the boxes but had not recognized its significance.

---

1. Senior Judge Lewis G. Paisley sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

At that point, Bennett's counsel moved for a mistrial and Patterson's counsel joined in this motion. Subsequently, Patterson's counsel asked if it would be possible to sever the cases because the taint only implicated Bennett. The trial court concluded that the cases could not be severed because Bennett and Patterson were charged as complicitors. However, the court found that the inadvertently admitted evidence had created a manifest necessity for a mistrial.

Thereafter, Bennett and Patterson each filed motions to bar retrial based on double jeopardy. The trial court denied their motions. The parties then announced that they had reached a negotiated settlement of the charges. Bennett entered an *Alford* plea to first-degree possession of a controlled substance and was sentenced to five years' imprisonment, probated for a period of five years. Patterson entered an *Alford* plea to facilitation to trafficking and was sentenced to twelve months' imprisonment, probated for a period of two years.

■ Bennett and Patterson now appeal from the trial court's order denying their motions to bar retrial based on double jeopardy. The Commonwealth argues that this issue is not reviewable in light of their guilty pleas. *Thompson v. Commonwealth,* 147 S.W.3d 22, 39 (Ky.2004). We disagree.

The trial court's judgments do not indicate that Bennett and Patterson were entering conditional guilty pleas pursuant to RCr 8.09. However, the Commonwealth's plea offer states that the defendants "reserve[ ] right to appeal all pretrial motions." Since the motions to dismiss preceded the scheduled retrial, we conclude that the Commonwealth's offer anticipated an appeal of this issue. Therefore, Bennett and Patterson adequately reserved their right to appeal from the trial court's order denying their motions to dismiss.

■ The central question in these appeals concerns the trial court's finding that a second trial following the mistrial was not barred by the constitutional prohibition against double jeopardy. A defendant's motion for a mistrial generally removes any bar to retrial. *Stamps v. Commonwealth,* 648 S.W.2d 868 (Ky.1983). However, an exception to this rule exists in cases where the prosecutor's conduct was intended to provoke the defendant into moving for a mistrial. *Martin v. Commonwealth,* 170 S.W.3d 374, 378 (Ky. 2005), *citing Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). "[T]he conduct giving rise to the order of mistrial [must be] precipitated by bad faith, overreaching or some other fundamentally unfair action of the prosecutor or the court." *Martin,* 170 S.W.3d at 378, *quoting Tinsley v. Jackson,* 771 S.W.2d 331, 332 (Ky.1989).

■ In this case, the trial court accepted the prosecutor's explanation that he did not recognize the significance of the billing statement. Consequently, the trial court concluded that the mistrial was not precipitated by any intentional action by the Commonwealth. Neither defendant points to any evidence or circumstances upon which we could determine that this finding was clearly erroneous.

In the alternative, Bennett contends that this Court should adopt a new standard permitting interposition of the double jeopardy bar to retrial if the prosecutor's actions recklessly create a manifest necessity for a mistrial. However, this Court is obligated to follow precedent established by the Kentucky Supreme Court. SCR 1.030(8)(a). Since the Kentucky Supreme Court has definitely adopted the standard set forth in *Oregon v. Kennedy, supra,* this Court is not at liberty to adopt a less stringent standard.

In Patterson's appeal, the Commonwealth argues that she failed to object to Bennett's motion for a mistrial and is therefore barred from raising the issue on appeal. Although the parties' briefs are not entirely clear on this point, the record shows that Patterson joined in Bennett's motion for a mistrial. Although Patterson's counsel explored other possible remedies, counsel never explicitly withdrew the previous motion for a mistrial and never expressly objected to the trial court's granting of a mistrial to both defendants. Consequently, we agree with the Commonwealth that Patterson is also precluded from raising the issue on appeal.

And even if Patterson implicitly withdrew the motion for a mistrial, the trial court's reasoning finding manifest necessity is sound. Patterson primarily argues that the trial court erred in concluding that the jury's exposure to the shipping bill created a manifest necessity requiring a mistrial as to both defendants. A mistrial is an extreme remedy and should be resorted to only when there appears in the record a manifest necessity for such an action or an urgent or real necessity. The error must be of such character and magnitude that a litigant will be denied a fair and impartial trial and the prejudicial effect can be removed in no other way. *Bray v. Commonwealth*, 177 S.W.3d 741, 752 (Ky.2005). Patterson correctly notes that the shipping bill implicated only Bennett. As a result, she contends that there was no manifest necessity to declare a mistrial in her case.

Nevertheless, the decision to grant a mistrial is within the sound discretion of the trial court, and such a ruling will not be disturbed absent an abuse of that discretion. *Woodard v. Commonwealth*, 147 S.W.3d 63, 68 (Ky.2004). The trial court concluded that Patterson's and Bennett's charges were so intertwined that there

was a strong likelihood that she would be unfairly prejudiced by the improperly introduced evidence. Under the circumstances, the trial court reasonably found that an admonition to the jury would not have cured the effect of the error. *Mills v. Commonwealth*, 996 S.W.2d 473, 485 (Ky.1999). Therefore, the trial court acted within its discretion in finding that there was a manifest necessity warranting a mistrial as to both defendants.

Accordingly, the judgments of conviction by the Jefferson Circuit Court are affirmed.

ALL CONCUR.