## A08A2044. McKINNEY v. THE STATE.

(670 SE2d 147)

ELLINGTON, Judge.

Randolph McKinney, convicted by a Fulton County jury of two counts of armed robbery, OCGA § 16-8-41 (a), appeals from the denial of his motion for new trial, contending that the State failed to prove venue. Because the record shows that the State failed to prove venue was in Fulton County, we must reverse McKinney's conviction.

> The standard for review of the sufficiency of the evidence to support a criminal conviction is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The review of the

sufficiency of the evidence to support venue is no different because venue is an essential element that must be proven beyond a reasonable doubt in every criminal trial. In considering this standard, this Court and the Court of Appeals have consistently stated that the evidentiary review is limited to the evidence actually presented to the jury.

(Punctuation and footnotes omitted.) *Thompson v. State*, 277 Ga. 102, 103 (1) (586 SE2d 231) (2003).

Viewed in the light most favorable to the verdict,[1] the evidence shows the following relevant facts. On April 12, 1998, around 2:30 a.m., Barbara Howard and Mia Musciano, who had earlier picked up some balloons and put them in the back of Howard's car, stopped at the intersection of Park Drive and Monroe Drive near Virginia Highland in Atlanta because the balloons were blocking driver Howard's vision. While both women were out of the car adjusting the balloons, two young men came up to them and robbed them at gunpoint, taking $170 from Howard and $10 from Musciano. According to Howard, McKinney was the man holding a nine millimeter handgun between her eyes.

A short time later, two men were robbed of their wallets, checkbook, and money clip at gunpoint by two young men while walking on Rosewood Drive near its intersection with Highland Avenue. A City of Atlanta police officer took statements from these two victims at the home of one of the victims on Rosewood Drive. That officer testified that the intersection of Highland Avenue and Rosewood Drive is in Fulton County. Another officer testified that Monroe Drive was approximately one mile from Highland Avenue.

Howard called 911 to report the robbery, and an officer responded to Park Drive and Monroe Drive and took statements from the two women. This officer was also employed by the City of Atlanta Police Department. He testified that the City of Atlanta was included in both DeKalb and Fulton Counties and City of Atlanta police had jurisdiction within the city limits in both counties. After giving their statements, Howard and Musciano continued home, driving to the intersection of Piedmont Road and Monroe Drive, near the scene of the robbery, where they stopped at the traffic light. As they were stopped, another car drove up and stopped in the lane beside them and Howard and Musciano recognized McKinney, the driver, as one of the men who had just robbed them. McKinney then drove off and Howard began to follow him while Musciano called 911 and relayed

---

[1] We note that, although containing a lengthy statement of facts, appellant's brief contains only two citations to the extensive record in this case, in violation of Court of Appeals Rule 25 (a) (1) and (c) (2) (i).

the events and their location.

Atlanta officers stopped the car containing McKinney and two other men at the Domino's Pizza on Spring Street in Atlanta. Officers found a checkbook, wallet, and money clip taken from the two men in the Rosewood Drive robbery.

At trial, the State used State's Exhibit 4, a map of the area where the robberies occurred, to illustrate the areas of Atlanta Police Zones 5 and 6. The trial court allowed the State to use the exhibit as demonstrative evidence only, following McKinney's objection that the officer testifying did not prepare the map, it was not real evidence, and it was not to scale. There is no indication in the record that the exhibit was sent out with the jury during its deliberations.

1. As McKinney has not challenged the sufficiency of the evidence apart from his allegation regarding venue, no issue concerning the sufficiency of the evidence to prove the other elements of the crimes of which he was convicted is properly before us. Nevertheless, we find the evidence sufficient on all the other elements to sustain his convictions. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see *Payne v. State*, 290 Ga. App. 589 (660 SE2d 405) (2008).

2. McKinney argues that the State failed to prove venue in Fulton County. We agree.

Here, although there was proof that the intersection of Highland Avenue and Rosewood Drive was in Fulton County, McKinney was acquitted of the charges regarding robbery of the two men there and the State presented no proof[2] that the intersection of Monroe Drive and Park Drive, a mile away where Howard and Musciano were robbed, was also in Fulton County.

All the officers who testified were employed by the City of Atlanta and the evidence showed that these officers had jurisdiction in both DeKalb and Fulton Counties. Even if their jurisdiction were restricted to only one county, however, that, in and of itself, is insufficient to prove venue in that county. *In the Interest of B. R.*, 289 Ga. App. 6, 9 (2) (656 SE2d 172) (2007); *Thompson v. State*, 257 Ga. App. 426, 427 (1) (571 SE2d 158) (2002), rev'd in part on other grounds, *Thompson v. State*, 277 Ga. at 103 (2). Further, proving that a crime occurred in a city is not sufficient to prove venue, absent a showing that the entire city is located within one county. *Graham v. State*, 275 Ga. 290, 293 (2) (565 SE2d 467) (2002); *In the Interest of D. D.*, 287 Ga. App. 512, 514 (2) (651 SE2d 817) (2007). Nor is proof

---

[2] State's Exhibit 4, relied upon by the State to show this intersection was in Fulton County, is discussed infra.

of a street name enough unless it is also shown that the entire street is in one county. *Jones v. State*, 272 Ga. 900, 904 (3) (537 SE2d 80) (2000).

The State points to Exhibit 4, the map introduced as demonstrative evidence, to argue that there was sufficient evidence of venue. As stated above, however, there is nothing in the record to indicate that it went out with the jury during deliberations and the officer whose testimony it was used to illustrate did not testify regarding the location of the line demarking Fulton and DeKalb Counties. Further, demonstrative evidence, such as this map, has no intrinsic testimonial value. Cf. *Banks v. State*, 279 Ga. App. 57, 58 (1) (630 SE2d 571) (2006) (continuing witness objection is not applicable to drawings or other documents which are demonstrative evidence which serves only to illustrate testimony given by witnesses), overruled in part on other grounds, *Patel v. State*, 282 Ga. 412, 415 (651 SE2d 55) (2007). As defined in one article, demonstrative evidence is "any display that is principally used to illustrate or explain other testimonial, documentary, or real proof, or a judicially noticed fact." (Footnotes omitted.) Robert D. Brain et al., The Derivative Relevance of Demonstrative Evidence: Charting its Proper Evidentiary Status, 25 U. C. Davis L. Rev. 957, 968-969 (1992). See also Mark Cammack, Article: Admissibility of Evidence to Prove Undisputed Facts: A Comparison of the California Evidence Code § 210 and Federal Rule of Evidence 401, 36 Sw. U. L. Rev. 879, 884 (2008) (demonstrative evidence is inadmissible in the absence of witness testimony or other evidence proving the facts on which the demonstration is based). We also find persuasive regarding the evidentiary value of demonstrative evidence the analysis of the Supreme Court of Washington in *State v. Yates*, 161 Wn.2d 714, 772-773 (9) (168 P3d 359) (2007). There, Yates argued that the trial court erred in allowing the State to use a large summary chart of the evidence regarding the 13 murders at issue. The Supreme Court noted that information regarding the evidence of each victim was posted on the chart after the evidence was introduced and found that "[w]hile the trial court has wide latitude in determining whether or not to admit demonstrative evidence, the court must make certain that the summary is based upon, and fairly represents, competent evidence already before the jury." (Citation and punctuation omitted.) Id. at 772 (9). The Court also noted that the chart was not, in itself, evidence, but was "only an aid in evaluating the evidence." (Citation and punctuation omitted.) Id. at 773 (9).

In this case, although there was a notation on State's Exhibit 4 of the location of the Fulton County/DeKalb County line, there was no evidence introduced with regard to the location of this line, and the demonstrative exhibit itself could not be used to prove what it

displayed. Therefore, on the record before us, there was no proof of venue in Fulton County.

3. Based on our decision in Division 2, we need not address McKinney's remaining enumeration of error, that the trial court erred in not sua sponte giving a charge to the jury on venue, as this is unlikely to recur on retrial.

4. We note that "if a criminal conviction is reversed because of an evidentiary insufficiency concerning the procedural propriety of laying venue within a particular forum, and not because of an evidentiary insufficiency concerning the accused's guilt, retrial is not barred by the Double Jeopardy Clause." *Jones v. State*, 272 Ga. at 905 (4).

*Judgment reversed. Blackburn, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 4, 2008.

*Garland, Samuel & Loeb, Donald F. Samuel, William C. Lea*, for appellant.

*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellee.