A08A1869. QUEZADA-BARRERA v. THE STATE.
(673 SE2d 126)

SMITH, Presiding Judge.

Francisco Quezada-Barrera appeals from his conviction for possessing cocaine with the intent to distribute. In his only enumeration of error, Quezada-Barrera asserts insufficient evidence supports his conviction because the State failed to establish venue within Gwinnett County. We agree and must therefore reverse his conviction.

The evidence relating to venue in this case includes: the street address where the crime took place; the arresting officer's employment with the Gwinnett County Police Department; and the arresting officer's testimony that "we have had several different types of incidents happen [at that address], so it's kind of a hot spot for Westside Precinct officers to just go kind of watch and observe what's going on." None of this evidence is sufficient to establish venue within Gwinnett County. *In the Interest of B. R.,* 289 Ga. App. 6, 8-9 (2) (656 SE2d 172) (2007) (evidence of street address and county for which police officer worked insufficient to establish venue). While we must therefore reverse Quezada-Barrera's conviction,

> [w]e note that if a criminal conviction is reversed because of an evidentiary insufficiency concerning the procedural propriety of laying venue within a particular forum, and not because of an evidentiary insufficiency concerning the accused's guilt, retrial is not barred by the Double Jeopardy Clause.

(Citation and punctuation omitted.) *McKinney v. State,* 294 Ga. App. 366, 370 (4) (670 SE2d 147) (2008).

*Judgment reversed. Mikell and Adams, JJ., concur.*

DECIDED JANUARY 28, 2009.

*George H. Law III*, for appellant.
*Daniel J. Porter, District Attorney, Deborah R. Fluker, Assistant District Attorney*, for appellee.