### S09A0321. VARNER v. THE STATE.
(676 SE2d 209)

CARLEY, Justice.

Appellant Dwight Varner and his co-defendant Jarmmal Howard were indicted for murder and other offenses. The case proceeded to trial, where each co-defendant's statement implicating the other was excluded from evidence. However, an exhibit consisting of an investigator's notes which contained both statements was inadvertently taken to the jury room. During its deliberations, the jury sent a note out asking whether that exhibit had been admitted into evidence, specifically the last page which summarizes what Appellant told the investigator after he was arrested, and whether the jury could consider that statement in its decision. Finding a violation of *Bruton v. United States,* 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968) as to each co-defendant, the trial court concluded that curative instructions would not be sufficient, and declared a mistrial sua sponte.

Appellant objected to the mistrial and offered to waive any *Bruton* violation on the basis that he was not harmed thereby. The trial court subsequently overruled Appellant's plea in bar, finding that the jury's exposure to the improper evidence irreparably prejudiced the State's right to a fair trial and created a manifest necessity for a mistrial. Appellant directly appeals from this order. See *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982).

" 'If a mistrial is declared without a defendant's consent or over his objection, the defendant may be retried only if there was a "manifest necessity" for the mistrial. (Cit.)' [Cit.]" *Pleas v. State*, 268 Ga. 889, 890 (2) (495 SE2d 4) (1998). " 'Manifest necessity can exist for reasons deemed compelling by the trial court, especially where " ' "the ends of substantial justice cannot be attained without discontinuing the trial. . . ." (Cit.)' (Cit.)" (Cit.)' [Cit.]" *Tubbs v. State*, 276 Ga. 751, 754 (3) (583 SE2d 853) (2003). Contrary to Appellant's argument that the trial court's action violated his right to have counsel make strategic decisions regarding objections,

> "it is not dispositive that the trial court made the decision sua sponte. (Cit.)" [Cit.] Where, as here, jeopardy has attached, but "there is no prosecutorial misconduct, the trial court has broad discretion in deciding whether to grant a mistrial. (Cits.)" [Cit.]

*Tubbs v. State*, supra at 754-755 (3). "The existence of manifest necessity is determined by weighing the rights of both parties in light of the totality of the surrounding circumstances. [Cit.]" *Tubbs v. State*, supra.

Where inadmissible evidence is introduced or otherwise comes to the attention of the jury, and curative instructions cannot free the jury's mind of prejudice, it is error not to declare a mistrial. *Anderson v. State*, 262 Ga. 289, 290 (1) (418 SE2d 1) (1992); *Bentley v. State*, 262 Ga. App. 541, 543 (3) (586 SE2d 32) (2003). This is true even where the action which brought the inadmissible evidence to the jury's attention was unintentional, innocent, or unattributable to any party, as that fact does not make the evidence less inadmissible or less prejudicial. *Bentley v. State*, supra at 544 (3); *Sinkfield v. State*, 217 Ga. App. 527, 528 (458 SE2d 664) (1995) (where defense counsel mistakenly impeached a State's witness with criminal conviction records of another person by the same name, resulting in the admission of additional improper evidence). When "the reason for declaring a mistrial is [that the inadmissible evidence caused] bias on the part of the factfinder, the trial court's decision to declare a mistrial is entitled to the highest deference. [Cit.]" *Bailey v. State*, 219 Ga. App. 258, 261 (465 SE2d 284) (1995) (where mistrial was

declared in a bench trial). The trial court "was in the best position to determine the possible prejudicial impact of the" co-defendants' inadmissible statements. *Putnam v. State*, 245 Ga. App. 95, 97 (537 SE2d 384) (2000) (where court declared mistrial after publication of newspaper article about the case).

In overruling Appellant's objection to the mistrial, the trial court found that the evidence improperly taken to the jury room contained constant references to Howard's statement implicating Appellant. Thus,

> there was a strong likelihood that [he] would be unfairly prejudiced by the [inadmissible] evidence. Under the circumstances, the trial court reasonably found that an admonition to the jury would not have cured the effect of the error. [Cit.]

*Bennett v. Commonwealth*, 217 SW3d 871, 875 (Ky. App. 2007) (finding manifest necessity for mistrial even though the inadmissible evidence did not directly implicate the appellant, where the co-defendants' charges were intertwined).

Conversely, because the jury's inquiry specifically referred to Appellant's exculpatory statement, there was also a strong likelihood that the inadmissible evidence unfairly prejudiced the State.

> Self-serving declarations, such as [Appellant's] statement, are inadmissible hearsay unless the declarant testifies and is subject to cross-examination. [Cit.] "The defendant is allowed to declare his innocence in court; he is not allowed to avoid this opportunity by pre-trial declarations of innocence." [Cit.]

*Parker v. State*, 276 Ga. 598 (2) (581 SE2d 7) (2003). A defendant's valuable right to be tried by the original impaneled jury

> "is not paramount to the state's equal right to a fair trial." [Cit.] . . . "Manifest necessity exists when the accused's right to have the trial completed by a particular tribunal is subordinate to ' "the public interest in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury." ' (Cit.)" [Cit.] . . . " 'Both the defendant and the state are entitled to a fair trial designed to end in a just judgment. (Cit.) . . . The trial court is vested with as much authority to grant a mistrial when an injustice occurs to the state as when it occurs to the defendant. (Cit.)' (Cit.)" [Cit.]

*Tubbs v. State*, supra at 754-755 (3). The trial court did not abuse its discretion in concluding that the evidence inadvertently taken to the jury room "had irreparably prejudiced the [S]tate's right to a fair trial." *Bentley v. State*, supra at 545 (3). Even assuming that Appellant could waive any error to the extent that it prejudiced his own case, he obviously could not waive error which required a mistrial as a result of irreparable prejudice to the State.

Accordingly, the trial court's declaration of a mistrial and rejection of lesser alternatives " 'was not an abuse of discretion and retrial is not barred by double jeopardy. (Cits.)' [Cit.]" *Tubbs v. State*, supra at 756 (3).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 28, 2009.

*Carl P. Greenberg*, for appellant.
*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Reggie A. Lampkin, Assistant Attorney General*, for appellee.