A09A0889. BREWSTER v. THE STATE.
A09A0890. DORSEY v. THE STATE.
A09A0891. THOMAS v. THE STATE.
A09A0892. GOODE v. THE STATE.

(684 SE2d 309)

BARNES, Judge.

Following a bench trial, Royce Brewster, Terry Dorsey, Dantanya Thomas, and James Goode (hereinafter collectively referred to as "Brewster") were convicted of fleeing or attempting to elude a police officer, reckless driving, and speeding. As they all contend that the State failed to prove proper venue, we have consolidated their

appeals for disposition. Following review, we affirm.

Under our constitution, proper venue in all criminal cases is the county in which the crime was allegedly committed and is a jurisdictional fact that must be proved by the prosecution beyond a reasonable doubt. *Jones v. State*, 272 Ga. 900, 901 (2) (537 SE2d 80) (2000). Venue may be proven by direct or circumstantial evidence. Id. at 902-903. The standard of review is whether, considered in the light most favorable to the prosecution, the State proved the essential element of venue beyond a reasonable doubt. Id. Failure to prove venue renders the verdict contrary to law, without a sufficient evidentiary basis, and warrants reversal. *Graves v. State*, 269 Ga. 772 (504 SE2d 679) (1998).

The evidence shows that on direct examination by the State, a Georgia State Patrol officer testified that he was patrolling in the area of Newton County, where he came into contact with four motorcyclists. The officer was asked to identify State's Exhibit 1, which he identified as a map of Newton County and the route he took in pursuit of the motorcyclists. The officer further testified that no portion of his pursuit route was not included on the map.

Brewster contends that the trial court did not take judicial notice of the fact that the alleged crimes were committed in Newton County.

> Judicial notice is intended to eliminate the need for formal proof as to: (1) matters which the general public has common knowledge of; (2) facts which are readily ascertainable by reference to some reliable source, and are beyond dispute; and (3) matters which are in the special province of the judge.

*Graves v. State*, supra, 269 Ga. at 774 (2).

Here, no judicial notice was requested by the State as the only testimony concerning venue mentioned Newton County specifically, without regard to any cities contained wholly therein. Furthermore, in this case, as in *Bradley v. State*, 238 Ga. App. 490 (519 SE2d 261) (1999), "[s]ince the arresting officer was a state trooper and not a county law enforcement officer, no inference could be made that he was acting within the territorial jurisdiction of a particular county." The trooper specified that he was patrolling Newton County when he encountered Brewster. Where the officer has clearly specified the county in which the convicted crimes took place, the trial court need not take judicial notice based on an inference that the officer was acting within the confines of a specific county. See *Graham v. State*, 275 Ga. 290 (565 SE2d 467) (2002).

Although Brewster attempts to rely on a number of cases where

venue was not properly established, the present case is factually distinguishable because here the officer's testimony clearly establishes that he was in Newton County when he first encountered Brewster.

Brewster further contends that the State attempted to establish venue on the map of Newton County that was used at trial. Brewster relies on *McKinney v. State*, 294 Ga. App. 366 (670 SE2d 147) (2008), in which our court held that where a demonstrative aid was offered as direct evidence establishing venue, that item was insufficient to establish venue in the absence of testimony, as demonstrative evidence has no intrinsic testimonial value. Id. at 369

In the present case, as in *McKinney*, the map was only an aid in evaluating the evidence. The map of Newton County was not admitted to prove venue, which is the distinguishing feature between this case and *McKinney* because at no time did the State attempt to establish venue based on the introduction of the map. The map was properly used only to clarify and illustrate the officer's testimony regarding his pursuit route.

Moreover, even were venue not clearly established by the officer's testimony, venue would nevertheless be proper in Newton County.

> If a crime is committed upon [a vehicle in] this state and it cannot readily be determined in which county the crime was committed, the crime shall be considered as having been committed in any county in which the crime could have been committed through which the [vehicle] has traveled.

OCGA § 17-2-2 (e).

> If in any case it cannot be determined in what county a crime was committed, it shall be considered to have been committed in any county in which the evidence shows beyond a reasonable doubt that it might have been committed.

OCGA § 17-2-2 (h).

Accordingly, had the route of pursuit taken the parties across county lines out of Newton County, venue would still be properly founded in Newton County. Brewster has made no claim that the pursuit ever crossed county lines. The only testimony regarding the pursuit was offered by the officer, who further verified that the entire route of the pursuit began and ended within the confines of Newton County.

*Judgments affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED SEPTEMBER 22, 2009

*Benjamin A. Davis, Jr.*, for appellants.
*W. Kendall Wynne, Jr., District Attorney, T. Buckley Levins, Assistant District Attorney*, for appellee.