A10A1419. LEE v. THE STATE.

(699 SE2d 389)

ANDREWS, Presiding Judge.

On appeal from his conviction for aggravated sodomy, James Anthony Lee argues that the State failed to prove venue in Effingham County. We agree and reverse.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the record shows that on February 22, 2008, Lee entered the victim's home at 220 Griffin Road, Guyton, while she was asleep. As she awakened, Lee lay down on top of her, saying that "[she] was his" and "wasn't supposed to be talking to anybody else." When Lee put his penis in the victim's vagina, she told him to stop and tried to push him off her. Lee also put his penis in the victim's rectum by force. Immediately after the attack, the victim told her daughter what had happened and called the police. Lee was charged with rape and aggravated sodomy. The jury found Lee not guilty of rape but guilty of aggravated sodomy. His motion for new trial was denied.

1. The evidence outlined above was sufficient to sustain Lee's conviction. OCGA § 16-6-2 (a) (1), (2) (defining sodomy and aggravated sodomy); *Jackson*, supra.

2. The record before us does not authorize a finding that the venue of Lee's crime was proven in Effingham County.

> Our Georgia Constitution requires that venue in all criminal cases must be laid in the county in which the crime

was allegedly committed. Venue is a jurisdictional fact, and is an essential element in proving that one is guilty of the crime charged. Like every other material allegation in the indictment, venue must be proved by the prosecution beyond a reasonable doubt.

*King v. State*, 271 Ga. App. 384, 385 (1) (609 SE2d 725) (2005). Although the State must prove venue beyond a reasonable doubt, it may do so "by whatever means of proof are available to it," including "both direct and circumstantial evidence." (Citation and punctuation omitted.) Id.

(a) At the outset of his opening argument, the prosecutor stated that "I live down here in Guyton. I live in Effingham County." But "it is not permissible by way of argument to introduce new matter in evidence for the consideration of the jury." *Ga. Power Co. v. Puckett*, 181 Ga. 386, 386 (2) (182 SE 384) (1935).

(b) Evidence that the crime took place in Guyton is insufficient to prove venue in Effingham County. "[P]roving that a crime took place within a city without also proving that the city is entirely within a county does not establish venue." *Graham v. State*, 275 Ga. 290, 293 (2) (565 SE2d 467) (2002); see also *Melton v. State*, 282 Ga. App. 685, 688 (1) (a) (639 SE2d 411) (2006) (reversing conviction for insufficient proof of venue).

(c) The record does not show which police department responded to the victim's call on the night of the attack. A week later, Lee himself went to the Effingham County Sheriff's Office to file a harassment complaint against the victim. Because the Guyton Police Department had already begun an investigation, Lee was sent there, where he gave a statement before being arrested and charged with the sexual assault. Even if the evidence showed that the Effingham County Sheriff's Department had investigated the crime, which it does not, this would be insufficient to prove venue. See *Quezada-Barrera v. State*, 295 Ga. App. 747 (673 SE2d 126) (2009) (proof that county sheriff's department conducted a crime investigation at a certain street address was insufficient to prove the crime's venue in that county).

(d) The record shows that on the early morning of February 23, a nurse trained in the treatment of sexual assault victims took the victim's history at Candler Hospital in Savannah, Chatham County. The sexual assault report based on that history notes the victim's address as follows: "P. O. Box 343, 220 Griffin Rd (physical address), Guyton, GA, Effingham [County], 31312." The report was introduced into evidence as State's Exhibit 4 without objection. The nurse

also testified as follows:

Q: And I know we're talking about an Effingham County case. Is it basically standard practice for victims from Effingham County to be transferred to Chatham County?

A: That is correct. Most of the surrounding areas come to Candler where the [sexual assault program] office is located.

Two DNA reports commissioned by the Guyton Police Department were also admitted into evidence bearing notations that copies had been sent to the Effingham County District Attorney. Before the exhibits were sent out with the jury, however, the State objected to Exhibit 4 as violating the continuing witness rule. Lee agreed, and the trial court excluded Exhibit 4 from evidence. When the jury later asked for a copy of Exhibit 4, the trial court instructed that jurors were "left to [their] memory of the [sexual assault] nurse's testimony."

The portion of Exhibit 4 concerning the victim's address in Effingham County was not read into the record, and the State successfully moved to exclude the entire exhibit from the jury's consideration. It follows that the relevant portion of the exhibit could not provide a sufficient basis for a finding that venue lay in Effingham County. See *Varner v. State*, 285 Ga. 334, 335 (676 SE2d 209) (2009) (affirming trial court's order of mistrial as "manifest necessity" where excluded exhibit was inadvertently taken into the jury room). Likewise, at no point did the nurse give any evidence that the *crime* occurred in Effingham County; instead, he merely confirmed the prosecutor's statements that the "victim" and her "case," whether legal or medical, had come to Candler Hospital from that county. "Such indefinite testimony showing only that it was *possible* the crime was committed within the jurisdiction of the court is insufficient to establish venue." (Emphasis in original.) *Royster v. State*, 108 Ga. App. 269, 270 (1) (132 SE2d 830) (1963).

For all these reasons, the trial court erred when it denied Lee's motion for new trial. "[I]f a criminal conviction is reversed because of an evidentiary insufficiency concerning the procedural propriety of laying venue within a particular forum, and not because of an evidentiary insufficiency concerning the accused's guilt, retrial is not barred by the Double Jeopardy Clause." (Citation and punctuation omitted.) *McKinney v. State*, 294 Ga. App. 366, 370 (4) (670 SE2d 147) (2008).

*Judgment reversed. Ellington and Doyle, JJ., concur.*

DECIDED JULY 13, 2010.

*Robert L. Persse, Stuart H. Patray*, for appellant.
*Richard A. Mallard, District Attorney, Brian A. Deal, Assistant District Attorney*, for appellee.