## S11A0191. BRINSON v. THE STATE.
(709 SE2d 789)

THOMPSON, Justice.

Appellant Sammy Brinson, Jr., was convicted and sentenced for felony murder and aggravated battery in connection with the death

of his infant daughter, Arianna Rosier.[1] He appeals, asserting, inter alia, the State failed to prove venue in Effingham County. We find no reversible error and affirm.

LaShonda Denise Rosier, the victim's mother, took the victim to appellant's house at approximately 9:00 p.m. on May 20, 2006. The victim was two months old at that time. LaShonda expected appellant to return the child to her house after an hour or two. Later that night, appellant telephoned LaShonda and said he wanted the child to spend the night at his house. LaShonda "kind of gave in once [she] saw that he wouldn't bring her home" and went to sleep for the night. Later, at approximately 2:50 a.m. on May 21, Sgt. Christopher Boatwright, a City of Rincon police officer, arrived at appellant's house in response to appellant's 911 call. Appellant was still speaking with the 911 dispatcher when the officer came to the door. Appellant told the officer he gave the victim a bottle of infant formula at 10:00 p.m. before putting her to sleep; that he awoke when he heard the victim gasping for air; and that the victim "had been known to choke on her formula and sometimes gasp for air."

The officer found the victim lying on the floor at the foot of appellant's bed. She was "lifeless" and "cold to the touch." The officer began CPR "after observing there was no pulse." He continued to administer CPR for approximately seven minutes at which time Effingham County EMS arrived on the scene. They continued CPR as they placed the victim in an ambulance and rushed her to Effingham County Hospital.

In the meantime, appellant called LaShonda and told her that the victim was being taken to the hospital and that he was coming to her house to pick her up. LaShonda got into appellant's car and asked what happened. Appellant replied that the victim "was choking on her milk."

After they arrived at Effingham County Hospital, LaShonda and appellant were joined by LaShonda's sister. When they were told that the victim was going to be airlifted to Memorial Health University Medical Center in Savannah, LaShonda and her sister decided they would drive there together. Appellant said he needed to go home to

---

[1] The crimes occurred on May 21, 2006. Appellant was indicted and charged with malice murder, three counts of felony murder, cruelty to children, aggravated battery and aggravated assault. Trial commenced on January 12, 2009. Four days later, the jury returned its verdict, finding appellant not guilty of malice murder, and guilty on all the other counts of the indictment. The trial court sentenced appellant to life for felony murder (predicated on the underlying felony of cruelty to children) and twenty years concurrent for aggravated battery. The trial court merged and vacated the remaining counts. See *Malcolm v. State*, 263 Ga. 369, 374 (434 SE2d 479) (1993). Appellant's timely filed motion for new trial was denied on September 7, 2010. Appellant filed a notice of appeal on September 10, 2010. The appeal was docketed for the January 2011 term of this Court and orally argued on January 25, 2011.

change clothes, but would meet them at the hospital in Savannah.

The victim was admitted to the pediatric intensive care unit at Memorial Health. She died later that morning from a severe traumatic brain injury with subarachnoid and intraventricular hemorrhaging. Her injuries were the result of having been shaken violently. They could not have been caused by choking on a liquid or gasping for air.

LaShonda held her baby before she died. She called appellant and told him that the victim was not going to survive. He said he was on the way to the hospital. However, appellant did not go to the hospital; he never called LaShonda back; and he did not attend the victim's funeral.

1. The evidence was sufficient to enable any rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Contrary to appellant's contention, the evidence shows that appellant was the only person caring for the victim during the relevant time period and that he caused the victim's death.

2. The State demonstrated that the crime occurred at appellant's address in the City of Rincon but it failed to show that Rincon lies entirely within Effingham County. See *Graham v. State*, 275 Ga. 290, 293 (2) (565 SE2d 467) (2002) ("proving that a crime took place within a city without also proving that the city is entirely within a county does not establish venue"). See also *Lee v. State*, 305 Ga. App. 214, 215 (699 SE2d 389) (2010) (that the crime occurred in the city of Guyton is insufficient to prove venue in Effingham County). However, the State did show that the crime was committed at appellant's residence, 214 Stephanie Avenue, and that Effingham County 911 dispatchers received appellant's 911 call and dispatched Effingham County EMS and Rincon police to appellant's address. See *Chapman v. State*, 275 Ga. 314, 317 (565 SE2d 442) (2002) (public employees are assumed to be acting properly and not to have exceeded their jurisdiction). Compare *In the Interest of B. R.*, 289 Ga. App. 6, 8-9 (2) (656 SE2d 172) (2007) (investigating officer's county of employment alone does not prove venue beyond a reasonable doubt). Moreover, the victim's attending physician at Memorial Health telephoned the Effingham County sheriff's office to report that a crime was committed at appellant's address. Compare *Lee v. State*, supra (nurse did not state that crime occurred in Effingham County, only that victim and her case came from that county). Finally, an Effingham County arrest warrant showing appellant's address to be in Effingham County was introduced in evidence. See *Kimble v. State*, 301 Ga. App. 237, 241 (687 SE2d 242) (2009) (search warrant is evidence of venue). Viewing the evidence as a whole, we

find it sufficient to prove venue beyond a reasonable doubt. See *Jones v. State*, 272 Ga. 900, 902-903 (2) (537 SE2d 80) (2000) (State may use both direct and circumstantial evidence to establish venue).

3. Appellant contends the trial court erred in permitting the State to introduce similar transaction evidence showing that defendant used his fists to attack and injure a former girlfriend nine years earlier. We disagree.

In *Collum v. State*, 281 Ga. 719, 723 (642 SE2d 640) (2007), defendant was accused of murdering his 20-month-old son by beating him, and the State was permitted to introduce evidence that defendant beat his wife during their marriage. On appeal, we found no error:

> Before evidence of independent acts may be admitted into evidence, the State must show that it seeks to introduce the evidence for an appropriate purpose; that there is sufficient evidence to establish that the accused committed the independent act; and that there is a sufficient connection or similarity between the independent act and the crime charged so that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640, 642 (409 SE2d 649) (1991). " '[A] transaction does not have to mirror every detail in order to authorize its admission; rather, the proper focus is upon the similarities between the incidents and not upon the differences.' [Cit.]" *Daniels v. State*, 281 Ga. 226, 228 (1) (637 SE2d 403) (2006). Where, as here, such evidence is admitted for the purpose of showing bent of mind, a lesser degree of similarity is required than if introduced to prove identity. *Smith v. State*, 273 Ga. 356 (2) (541 SE2d 362) (2001). The evidence at issue dealt with [appellant's] violent behavior toward family members residing in the same home, even those significantly younger.

Id. at 723. Because the trial court's determination that the State met the requirements for admission of similar transaction evidence was not an abuse of discretion, it will not be disturbed on appeal. See *Moore v. State*, 288 Ga. 187 (3) (702 SE2d 176) (2010).

In this case, as in *Collum*, evidence that appellant used violence against an adult with whom he had had a close, loving relationship was admissible to show his bent of mind in using violence against a member of his family, even though the family member was a mere infant, and even though the family member suffered internal, rather than external, injuries.

4. The State introduced a certified copy of appellant's conviction for assaulting his former girlfriend even though it showed that

appellant received a felony prison sentence for that prior offense. Although it would have been better to redact the evidence pertaining to the sentence, see *Miller v. State*, 250 Ga. App. 84, 85 (550 SE2d 134) (2001), any error was harmless in light of the overwhelming evidence of appellant's guilt. See *Groble v. State*, 192 Ga. App. 260 (384 SE2d 281) (1989).

5. Because evidence of appellant's guilt is overwhelming, any error in permitting the State to show that appellant did not go to Memorial Health, did not attend the victim's funeral, and failed to meet voluntarily with police after the victim died, is harmless. See *Pearson v. State*, 277 Ga. 813, 817 (596 SE2d 582) (2004).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 26, 2011.

*Robert L. Persse*, for appellant.

*Richard A. Mallard*, District Attorney, *Michael T. Muldrew*, Assistant District Attorney, *Thurbert E. Baker*, Attorney General, *Paula K. Smith*, Senior Assistant Attorney General, *Benjamin H. Pierman*, Assistant Attorney General, for appellee.