A11A1607. IN THE INTEREST OF G. Q., a child.
(720 SE2d 647)

ANDREWS, Judge.

On appeal from the juvenile court's adjudication of delinquency for battery, theft by receiving stolen property, and other crimes, the child G. Q. argues that the evidence was insufficient as to venue and that the juvenile court erred when it sentenced him as a designated felon. We reverse because the evidence was insufficient as to venue.

> On appeal, we view the evidence from an adjudicatory hearing in the light most favorable to the prosecution to determine whether a rational trier of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged. The evidence is examined under the standard of *Jackson v. Virginia*, 443 U. S. 307, 318 (99 SC 2781, 61 LE2d 560) (1979), with all reasonable inferences construed in favor of the juvenile court's findings.

(Citations omitted.) *In the Interest of M. F.*, 276 Ga. App. 402, 402-403 (1) (623 SE2d 234) (2005).

So viewed, the record shows that on December 12, 2010, after smoking marijuana, G. Q. battered his mother and stole her jewelry from their home at "601 Lafayette Street, Hahira, Georgia." A City of Hahira police officer responded and, after a struggle, arrested G. Q. at the scene. The jewelry was recovered from a pawn shop at a

---

local mall. G. Q. was charged with the offenses of family violence battery, felony obstruction, and possession of marijuana. After a hearing, the juvenile court found G. Q. delinquent and ordered him into the care of the Department of Juvenile Justice.

1. As the State concedes, the evidence in this case was insufficient to prove venue in Lowndes County.

Lowndes County is sometimes mentioned on the same page of pleadings that also refer to the Hahira address of the crime scene, and G. Q. was released into the custody of the Lowndes County Sheriff's Department after his apprehension. These references are not competent evidence that any of the crimes were committed in that county, however. As the Supreme Court of Georgia has held, "proving that a crime took place within a city without also proving that the city is entirely within a county does not establish venue." *Graham v. State*, 275 Ga. 290, 293 (2) (565 SE2d 467) (2002). We therefore reverse the juvenile court's adjudication of delinquency. *Lee v. State*, 305 Ga. App. 214, 215 (2) (699 SE2d 389) (2010) (evidence that crime took place in a particular city was insufficient to show that it took place in a particular county); *Quezada-Barrera v. State*, 295 Ga. App. 747 (673 SE2d 126) (2009) (evidence that county sheriff's department conducted a crime investigation at a certain street address was insufficient to prove the crime's venue in that county); *In the Interest of N. T. S.*, 242 Ga. App. 109 (528 SE2d 876) (2000) (adjudication of delinquency reversed where prosecution failed to show whether fight at issue occurred in county).

The State may retry G. Q. "because there was otherwise sufficient evidence at trial to support [his] delinquency adjudication for the crimes charged." (Citation and punctuation omitted.) *In the Interest of D. D.*, 287 Ga. App. 512, 515 (651 SE2d 817) (2007).

2. Our disposition of the venue question moots G. Q.'s remaining assertion of error.

*Judgment reversed. Phipps, P. J., and McFadden, J., concur.*

DECIDED NOVEMBER 29, 2011.

*Samantha M. Edwards*, for appellant.
*J. David Miller*, District Attorney, *Laura A. Wood*, Assistant District Attorney, for appellee.